## Johnston *against* Warden.

It is no answer to evidence that it does not prove the plaintiff's whole case; if it be a link in the chain of evidence afterwards to be given, it is admissible.

Declarations of the existence of a partnership, made by one defendant, although not sufficient to charge another defendant as a partner, are evidence of the fact against himself, and may be admitted as evidence, in connection with proof of the acts and declarations of the other defendant, that he was a partner.

After some evidence has been given of the existence of a partnership between the defendants, the plaintiff's book of original entries may be admitted as evidence of debt against the partnership.

Where the defendants have represented themselves as partners, and have been trusted as such, they are bound by that representation; and their own acts and declarations, made after their liability has attached, cannot be admitted as evidence to discharge their liability.

If A contract with B to deliver articles to B at a specified period, and if, before the articles are delivered, B enter into partnership with C, if credit be given at the time of the delivery, it is presumed to be given to the partners, and they are liable whether the existence of the partnership was or was not known to A at the time he gave the credit.

ERROR to the common pleas of *Alleghany* county.

*Assumpsit* was brought by Warden, Arthurs & Co., the defendants in error, against Johnston and Rhodes, the plaintiffs in error, to recover the value of castings for ploughs furnished by them at their foundry to the plaintiffs in error.

At the trial Abraham Nicholson was produced and sworn as a witness on behalf of the plaintiffs below, who testified that he was in their employ. After the castings were got and taken down the river, the witness went to Zanesville, where he saw Rhodes. Rhodes asked the witness if the plaintiffs below had said any thing about pay for the castings. Here Johnston's counsel objected to any evidence being given of what Rhodes said to the witness about Johnston being his partner, or any statements made to the witness by him relative to the matters in controversy, as no proof of partnership between the defendants had been given. This objection the court below overruled; to which the counsel of Johnston tendered a bill of exceptions. The witness then testified to the admissions of Rhodes of the existence of the partnership.

John Arthurs, one of the plaintiffs below, was then produced, and proved the book produced to be their book of original entries, and the absence of the clerk who made the entries. The book containing charges for castings against Johnston and Rhodes, which solely constituted the plaintiff's cause of action, was then offered in evidence and objected to by Johnston's counsel generally; and especially, as furnishing evidence that castings were made for, and deliver-

[Johnston v. Warden.]

ed to Johnston and Rhodes, and as evidence of partnership between them. These objections were overruled by the court below, and the book was admitted generally; whereupon the counsel of Johnston tendered a bill of exceptions.

Johnston's counsel then offered to prove, by a witness, that he had heard both Johnston and Rhodes say that Rhodes was indebted to Johnston at the time castings were furnished; and offered also in evidence the insolvent petition of Rhodes in which he had returned Johnston a creditor, to rebut the declarations of Rhodes as proved by Abraham Nicholson, and as evidence that Rhodes had given ploughs to Johnston in payment of said debt. To the admission of this testimony the plaintiff's counsel objected. The court below sustained the objection: to which the counsel of Johnston excepted.

The court below in their charge, by Shaler, president, instructed the jury, that if A contracts with B to deliver articles at a specified period, and if in the intermediate time B and C enter into partnership, as upon such a contract it is to be presumed that payment is to accompany delivery, if credit is given at the time of delivery, it must be presumed to be done upon the credit of the partners; and this, whether the existence of the partnership was known to the plaintiff who gave the credit, or not; if the existence of the partnership was known at the time, no doubt could be raised; but if a credit be given where there is a secret partner, the credit is supposed to be given as well to him as to those associated with him, upon the ground that as he is entitled to the profits, so he in equity should be responsible for loss in the present case.

The following errors were assigned.

1. The court erred in admitting evidence of what Rhodes, one of the defendants below, said about Johnston being his partner, before any proof of partnership had been given.

2. The court erred in admitting plaintiff's book containing charges against Johnston and Rhodes, which constituted plaintiff's sole cause of action, without having first proved partnership between the defendants.

3. The court erred in rejecting evidence offered by defendant Johnston, of indebtedness of defendant Rhodes to said Johnston at the time castings were furnished.

*Metcalf*, for plaintiff in error.

There was no evidence or pretext that there was a partnership between Johnston and Rhodes at the time of the contract for the castings. Johnston, if at all, became a partner subsequently, and is not, then, liable. 2 *Stark. Ev.* 1075 ; Young v. Hunter, 4 *Taunt.* 582. An admission by one partner, after a dissolution, will charge the other; but a declaration by one as to a matter occurring before he became a partner, will not affect the other with liability. 2 *Stark. Ev.* 45. The admission of one person is evidence against himself, but not against another. 3 *Ibid.* 1072. No act, subsequent to deli-

very, will make a person a partner. 4 *Term Rep.* 720. In 10 *Johns.* 66, it was expressly decided that the declarations of one partner are not evidence to charge another. General reputation, accompanied with acts, is sufficient proof of the existence of a partnership. Whitney et al. *v.* Sterling et al., 14 *Johns.* 216. The declarations of a person who is not a party to the suit, are not competent evidence of a partnership. Martin et al. *v.* Kaffroth, 16 *Serg. & Rawle* 120. It was error in the court below to admit the plaintiff's book of original entries, made out after the work was done. It was incumbent on them to show in the first place, by evidence *aliunde,* the existence of a partnership. It would be a monstrous doctrine that one individual may fix another as a partner by a mere entry in a day book. We contend it was competent for us to explain by testimony why Johnston went to the foundry, and afterwards down the river, with Rhodes. Johnston had an interest in the making and sale of the ploughs, not as a partner, but as the creditor, of Rhodes. In support of the fourth error, the counsel cited, M'Cready et al. *v.* Freedly, 3 *Rawle* 251; *Gow on Part.* 166.

*Fetterman,* contra.

The charge of the court below, to which the fourth error is assigned, is abundantly sustained by the authorities. The case of Scottin *v.* Stanley et al., 1 *Dall.* 129, is directly in point, and is confirmed by the case in 4 *Term Rep.* 475, in which Lord Kenyon said, that if all be partners at the time the goods are furnished, all are liable. We could not tell when Johnston became a partner. He may have become so before the contract was made. Muldon *v.* Whitlock et al., 1 *Cowen* 290. The order of giving evidence is a subject of discretion for the court below. Eisenhart et al. *v.* Slaymaker, 14 *Serg. & Rawle* 156. If there had been no other evidence of the partnership than the declarations of Rhodes, the decision of the court would have been erroneous. But the partnership was otherwise proved. The admission of one of the defendants, sued as a partner, that he and others composed the firm, is evidence. Taylor and Fitzsimmons *v.* Henderson, 17 *Serg. & Rawle* 453; Whitney et al. *v.* Sterling et al., 14 *Johns.* 215; Drake et al. *v.* Elwyn et al., 1 *Caines's Rep.* 184; Felichey *v.* Hamilton, 1 *Wash. C. C. Rep.* 491; *Gow on Part.* 167—208. After sufficient evidence had been given to enable the jury to decide that Johnston and Rhodes were partners, the admission of the plaintiff's book of original entries was proper. The testimony offered by the defendant below, as to the indebtedness of Rhodes to Johnston, was properly rejected, because it was irrelevant. And to allow secret declarations, made by one defendant to another, to be admitted as evidence in their behalf, would be to sanction the manufacture of evidence for the occasion.

*Burke,* in reply.

When the contract was made, there was no partnership between

[Johnston v. Warden.]

Johnston and Rhodes. Suppose, for the sake of argument, that a partnership was subsequently formed, before all the articles contracted for were delivered, would Johnston be liable ? Two mechanics put in stock preliminary to the formation of a partnership: can one be chargeable for what the other thus procures? We say there must be a joint and direct assumption of responsibility to make both liable. Here there was no joint original liability, and hence the case in 1 *Cowen* 290 is not applicable. In Scottin *v.* Stanley et al., the work was done after an avowed and notorious ownership, and therefore done for the benefit of all the owners. Rhodes was not upon his trial. Against him a judgment had been already obtained. He was fixed for the debt, and Johnston alone was concerned. Under such circumstances, Rhodes's declarations, although admissible to charge himself, ought not to have been received as against Johnston. If Johnston had been a secret partner, then they might have been admitted ; but no such evidence had been produced.

The opinion of the Court was delivered by

ROGERS, J.—This was an action of *assumpsit* to recover the value of ploughs, &c. furnished, as plaintiffs alleged, to the defendants, Johnston and Rhodes. The defence was that the goods were furnished to Rhodes alone, and that Johnston was not a partner.

The evidence was objected to on the ground that, although the declaration or admission of each member of a firm that he is a partner is evidence to charge himself, it is no evidence of the fact against any other party. This is conceded, and I do not perceive how the evidence contravenes that principle, for the evidence was not offered to charge Johnston, but Rhodes. If the plaintiff rested on the declarations or admissions of Rhodes, he must have failed in the action, for clearly, although sufficient to charge him, they could not affect any other person. It is no answer to evidence that it does not prove the plaintiff's whole case : but if it is a link in the chain of evidence afterwards to be given, it is admissible. The plaintiff, in addition to Rhodes's declaration, which merely showed that he was a partner, also proved the acts and declarations of Johnston that he was a partner. After proving the admission of Rhodes, the witness states—defendants came together on market day to the foundry of plaintiffs, and talked with witness's brother, one of the plaintiffs. *They* said they wanted extra shares for each plough, and wanted them soon, as they were in a hurry to get down the river as the water was falling. Johnston used this language. Johnston also suggested alterations in the share to make it fit better. This conversation occurred whilst the work was going on. The witness saw Johnston at the foundry twice. At the second conversation in the foundry, Rhodes was with him. Johnston did not say he was a partner with Rhodes, but said, *we* want ploughs so as to get down the river before the water falls. It was also in proof that Johnston accompanied Rhodes down the river. Now although this testimony did not conclusively prove that Johnston

[Johnston v. Warden.]

was a partner, yet it was evidence which the court were correct in submitting to the jury, that they might pass upon it. Where an action is brought against several upon a contract, on which they are liable as partners, the evidence usually given to establish the partnership, consists in showing that they have acted as partners in the particular business. In such a case the plaintiff is not bound down to the same strictness of proof which is required for partners when they appear as plaintiffs. There no reason exists for relaxing the rules of evidence, for, by the very act of suing jointly, they assume that they have a joint title to sue, and they are necessarily cognizant of all the means by which the fact is capable of being proved : but where partners are sued as defendants, the plaintiff may not be able to ascertain the real connexion between them ; it is sufficient for him to show that they have acted as partners, and that by their habit and course of dealing, conduct, and declarations, they have induced those with whom they have dealt to consider them as partners. 3 *Stark. Ev.* 1070 ; *Gow on Partn.* 208. In the case of a dormant partnership, it is difficult to establish the partnership in any way, except by the declarations of each of the alleged partners, or the declarations of one and the acts of the other, or by the acts of each of them. I take it for granted that, in conformity to the principle of law, the court instructed the jury, that although the declaration or admission of each of the alleged partners, members of the firm, that he was a partner, was evidence to charge himself, it was no evidence of the fact against the other party.

The plaintiff having given some evidence that a partnership existed, had a right to give his book of original entries in evidence, in which the charge for the castings is made against Johnston and Rhodes. It is given as evidence of debt, but not as proof of partnership.

The defendants next complain of the rejection of the evidence contained in the third bill of exceptions, that the witness heard both Johnston and Rhodes say that Rhodes was indebted to Johnston at the time the castings were furnished, and offered also the insolvent petition of Rhodes, which showed that he had returned Johnston a creditor, to rebut the declarations of Rhodes as proved by plaintiffs, and as evidence that Rhodes had given ploughs to Johnston to pay said debt.

It is a principle of law that the declaration or admission of each individual member of a firm that he is a partner, is conclusive evidence to charge himself in that character. If a person has represented himself to be a partner, and has been trusted as such, he is bound by that representation, and it is no defence to him to show that he was not in fact a partner. *Gow on Partn.* 208, 209, and the authorities there cited. Now here, from the declarations, admissions and acts of both parties, when together, and separately, the plaintiffs were induced to believe, and did believe, that they were partners, and charged them as such with the articles furnished. In such a case we have a right to expect something more than an offer to

III.—O

[Johnston v. Warden.]

prove their own acts and declarations to discharge themselves from the consequences of their own conduct, and these acts and declarations made after their liability attaches.   If a debt did exist between them, and there was an explanation of the conduct of Johnston, the ordinary proof should have been given of the indebtedness.   We think the court were right in overruling the testimony.

The plaintiff further alleges that there is error in the court in their instruction to the jury : "That if A contracts with B to deliver articles at a specified period, and if in the intermediate time B and C enter into partnership, as upon such a contract it is to be presumed that payment is to accompany delivery, if credit is given at the time of delivery, it must be presumed to be done upon the credit of the partners; and this whether the existence of the partnership was known to the plaintiff who gave the credit or not.   If the existence of the partnership was known at the time, no doubt could be raised; but if a credit be given when there is a secret partner, the credit is supposed to be given as well to him as to those associated with him, upon the ground that he is entitled to the profits, so he in equity should be responsible for the loss in the present case." In this opinion the court are supported by the cases of Saville *v.* Robertson et al., 4 *T. R.* 720, and Scottin *v.* Stanley et al., 1 *Dallas* 129.   In the case at bar, if a partnership did exist, it was known to the plaintiffs, who, on the delivery of the articles, charged the partners in their books with the amount.   It shows that the credit was given to both partners.

Judgment affirmed.