## Shafer and Martin *versus* Randolph.

Persons holding themselves out to third parties, dealing with them, as partners in a single enterprise, will be bound to such third parties as partners accordingly, even though there may be no agreement of partnership *inter sese*.

November 23d 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Crawford county* : Of October and November Term 1881, No. 56.

Assumpsit, by Hiram Randolph and A. F. Randolph against Thomas Shafer and James Martin (and others not served) to recover for breach of an alleged contract, whereby the defendants procured the plaintiff to manufacture certain patented articles, under a patent-right owned by defendants, at a stipulated price, which the defendants afterwards refused to pay. The narr. averred a joint contract, on the part of the defendants, Shafer and Martin, and breach. There was no defence as to Shafer, except as to the number of articles contracted for. Martin defended on the ground that the contract was made by Shafer alone, who had no right to bind him.

[Shafer v. Randolph.]

On the trial, before CHURCH, P. J., the evidence showed that the defendants, Shafer and Martin, with several others, had purchased jointly a certain patent right for the manufacture and sale of patent grain separators. The plaintiff, A. F. Randolph, testified that, in 1877 Shafer engaged him to manufacture twelve separators, at $10 each; that Martin was present during the interview, and made no objection, stating that he and Shafer and others had bought the patent-right jointly as partners; that, after the twelve machines were made, and three of them delivered, Shafer paid $15 on account, and told Randolph to go to Martin and the other owners of the patent, who were to pay their share of the cost of manufacture; that Martin, on being applied to, put him off, saying he thought some of the separators would be sold within a week, whereby the money could be raised to pay plaintiffs for making them.

Shafer denied that the contract was for twelve separators, alleging that the agreement was for three or four, and if they sold readily others should afterwards be made. Martin denied that he had ever made any partnership with Shafer, other than the joint purchase of the patent-right, and denied his affirmance of the bargain made by Shafer. It appeared that Martin, in reply to an application from a party to hire a machine, had said: "I do not want to hire them—we have them to sell; I will sell you one for $20."

The defendants presented the following point:

"That this suit being brought against the defendants jointly, and there being no evidence to show that both joined in the contract, the plaintiff cannot recover."

Answer. "This suit does not seem to have been brought against the defendants jointly, but against the defendants and others. These two defendants, being the only ones served with process, are the only ones at present before the court. If these two defendants owned a patent-right with others, and one of these bargained for the making of the patented article, and for the sale of the same for their joint and common account, it was such a bargain that one partner might make for and bind his copartners, and the fact of the partnership not having been registered as provided by law, the leaving out of some partners, who might have been lawfully joined, is not cause for plea of abatement, nor according to the rules of court in pleading as to partnership or non-partnership."

Verdict and judgment for the plaintiff for $122. The defendants took this writ of error, assigning for error the answer to their point, as above.

Wm. R. Bole (M. P. Davis with him), for the plaintiff in error.—Evidence of joint ownership of a patent-right is wholly

insufficient to sustain a claim founded on liability of the joint owners, as partners, for the cost of manufacturing the patented articles under a contract made by one only of such joint owners. These owners were simply assignees of the patent, and at no time formed any copartnership of any kind whatsoever.

*D. C. McCoy & Son*, for the defendants in error.—Whether the defendants below, Shafer and Martin, were general partners in any kind of business is not material. It was sufficient to show that they were jointly concerned in the particular transaction in which the plaintiffs, Randolphs, were employed to construct the machines: Kirk *v.* Hartman, 13 P. F. Smith 105. Of the fact that they were so concerned there was ample evidence to go to the jury, and the jury found that they were.

Mr. Justice GORDON delivered the opinion of the court, January 2d 1882.

The counsel for the defendants below, plaintiffs in error, is not correct in his assertion that there was no evidence in this case tending to prove a partnership between the defendants themselves, or with other parties. A. F. Randolph swears that Shafer told him that Gregg, Martin and Fisher were partners with himself in this fanning mill adventure.

He furthermore repeats, that both Shafer and Martin informed him that they were in company with several other persons; that upon his applying to Martin for his pay for the manufacture of the mills, he put him off until the first of April, as he thought by that time Dunn would have sold mills enough to make the money for him, and that, upon a similar application to Fisher, he made the promise that he would pay his share as fast as returns came in from the sales of mills. Again, Jonathan Wetsel swears, that he went to Martin to hire one of the mills, and that his answer was, "I do not want to hire them; we have them to sell; I will sell you one for twenty dollars and will warrant the mill for four years, and it will pay for itself in that time." Fisher, also, on the part of the defence, testifies as follows: "Randolph came to me the time him and me talked; he was by himself; I told him I would not have any mills made faster than I could sell them; I had a little money invested in it, and was not going to invest any more; if he made any to sell I would pay him my share, but nothing further." Farther on, he says he supposed that Shafer and Martin were concerned as well as he. When this evidence is taken in connection with the admitted fact that the defendants, jointly with others, owned the patent for these mills, or separators, we cannot understand how it can be truthfully said that there was no proof of partnership to go to the jury.

[County of Crawford v. Nash.]

It is true this was the partnership of an experiment; of a single adventure; yet for all this it might have been not the less a partnership: Sims v. Willing, 8 S. & R. 103. More than this, there may not, as between the defendants and their associates, have been a partnership in fact or intention, and yet, as to third persons, they may be held as such. For, as was said in Kirk v. Hartman, 13 P. F. Smith, 97, where one holds himself out, or knowingly suffers himself to be held out, as a partner, on the faith of which others give credit to the firm, he will be held, though, in fact, he is not a partner. And in Johnston v. Warden, 3 Watts 101, it was held, that where the defendants had represented themselves as partners, and had been trusted as such, they must be bound as partners. In the case in hand there was certainly evidence to the effect that the defendants represented themselves to Randolph and others as partners, and if this was believed by the jury, as it seems to have been, then as partners they were properly held. Such being the case, it is obvious that the answer of the learned judge, to the point put by the defendants' attorney, did them no harm, though doubtless the better way would have been to have negatived it outright, and without qualification.

On the whole, we think the case was fairly submitted, and that the plaintiffs in error have nothing of which they can justly complain.

The judgment is affirmed.