## G. W. CHAPMAN AND GEORGE H. COLEMAN, *as Executors of William Appleton, deceased,* v. JOSIAH PRICE.

EJECTMENT, *Not Maintained; Demurrer, Sustained.* A. entered a quarter-section of government land under the homestead law of the United States, and died before the expiration of five years thereafter, and before a patent was issued, leaving a will by which he, in form, devised his interest in the land to his executors, in trust, to perfect his title and sell the land, pay his debts and burial expenses, and divide the remainder of the proceeds among his heirs. Plaintiffs, as the executors of the will of A., commenced suit in the district court for the recovery of the possession of the land so entered by him, and for damages for withholding the possession, claiming to recover as the owners of the legal title of the land, and show by their petition that under the entry of A., the land has been patented to his heirs, and that they are now the legal owners of the land. *Held,* That A. had no interest in the land that could pass by or be affected by his will, and that the executors named in it took no title to or interest in the land under the will, and cannot maintain eject-ment for possession; that the petition does not state facts sufficient to constitute a cause of action, and that the demurrer to it for that reason was properly sustained.

### *Error from Mitchell District Court.*

EJECTMENT, brought by *Chapman* and another, as executors of the will of William Appleton, deceased, against *Price.* At the October Term, 1883, the court sustained defendant's demurrer to the plaintiffs' petition, and rendered judgment against them for costs. They bring the case here. The facts appear in the opinion.

*J. M. Hagaman,* for plaintiffs in error.

*W. J. Patterson,* and *Frank J. Kelley,* for defendant in error.

The opinion of the court was delivered by

HURD, J.: The plaintiffs, by their petition in the court below, allege that about the first day of April, 1870, William Appleton, under the provisions of the United States homestead law, passed May 20, 1862, entered the northeast quarter of section 35, in township 6 south, of range 10 west, in the district of lands subject to sale at Kirwin, Kansas; that pursuant

to and in consequence of such entry a patent has been issued by the United States to the heirs of said Appleton; that about April 17, 1874, Appleton made his, will devising said land to G. W. Chapman, G. H. Coleman, S. H. Pilot, and Peter Appleton, executors appointed by his will, in trust for the use and benefit of his heirs; that these plaintiffs alone have qualified as executors, and are the only qualified executors of the estate; that the said will empowered them to perfect the title and then sell the land and pay the debts and burial expenses of the testator, and divide the surplus among his heirs; that he died on April 15, 1874, and his said will was admitted to probate May 28, 1881; that the plaintiffs are entitled to the immediate possession of said land, and that the defendant unlawfully keeps them out of the possession thereof, and has so kept them out of possession since the 11th day of April, 1881; and they demand judgment against the defendant for the possession of the land and for damages.

The defendant demurred on the grounds—

"1. That the said plaintiffs have not the legal capacity to sue in this action.

"2. That there is a defect of parties to this action.

"3. That this court has not jurisdiction to try the matters and things set forth in said amended petition.

"4. That the matters and things in said amended petition set forth are not sufficient to constitute a cause of action against the defendant."

The court below sustained the demurrer, and rendered judgment against the plaintiffs for costs of suit. The plaintiffs make their bill of exceptions, and bring their petition in error in this court.

In actions for the recovery of the possession of real property, it is not ordinarily necessary that the plaintiff should state in his petition how his title was derived, but there is nothing in the statute that prevents him from so doing if he so desires. If the statement of his cause of action discloses the fact that he has no legal or equitable title to the land claimed, and does not show some ground for the recovery of the possession other than as the holder of the legal or equita-

ble title,. his petition is not sufficient, and may be demurred to. The legal presumption is, that the title and possession, or right of possession of real estate, is in the same person. If then a party plaintiff, by his pleadings or evidence, shows that the legal title is in a third party, the presumption is that such third party is in possession, or is entitled to the possession of it.

The plaintiffs, by their petition, claim to be the owners of the land, and to be entitled to the possession because of such ownership, but have shown that the United States has conveyed the title by patent to the heirs of William Appleton, deceased, and that they, and. not the plaintiffs, are the owners, and are presumed to be in the possession; and if ·not, that they are entitled to the possession, and for anything that appears, may not be in the actual possession by their lessee, or agents. At all events, the plaintiffs have not shown by their petition that they are entitled to the possession, but on the contrary have shown that they are not entitled to the possession, and have failed to make a case by their pleading.

Again, Appleton made the entry of the land in question about the first of April, 1870, and died April 15, 1874, and before a patent was issuable under the homestead law under which the entry was made.

These sections of the homestead law (U. S. Rev. Stat.) provide:

Sec. 2289 : "That any person who is the head of a family, or who has arrived at the age of twenty-one years, and is a citizen of the United States, or has filed his declaration to become such, as required by the naturalization laws, shall be entitled to enter one quarter-section, or less quantity, of unappropriated lands," etc.

Sec. 2290 provides the manner of making the entry.

Sec. 2291 : "That no certificate, however, shall be given or patent issued therefor until the expiration of five years from the date of such entry; and if at the expiration of that time, or at the expiration of two years thereafter, the person making such entry; or if he be dead his widow, or in case of her death his heirs or devisees," on making proof "that he, she or they have resided upon or.cultivated .the land for the term of

five years immediately succeeding the time of filing the affidavit for the entry of the land, and that the land has not been alienated, he, she or they, if at the time citizens of the United States, shall be entitled to a patent as in other cases provided by law."

The intention of this homestead law evidently is that an entry under it should be for the sole benefit of the person making it, if he should survive and continue in possession for five years from the date of the entry, but if he died before the expiration of five years, then that all the rights he had acquired in the land entered, by virtue of his entry and possession, should pass to and belong to his widow, if living, and if not, to his heirs, and that they should take the same right and interest in the land as if they had made the original entry, and if they continue in possession until the end of five years from the date of the entry, are entitled to a patent for the land.

The statutes provide who shall succeed to the rights of the person making the entry if he dies before his title is perfected by a patent, and prohibit him from making any disposition of any interest he may have in the land, or in any manner incumbering it.

Under this entry by Appleton, and because of the continuous possession of the land by himself and his heirs for five years, a patent was due and issuable by the United States, and was issued to these heirs.   This patent is conclusive evidence that all of the provisions of the statute had been complied with by Appleton and his heirs; and it transferred to these heirs the title to the land, which, so far as is shown by the petition, they still hold.   Appleton had no interest in the land that could pass by his will, and the plaintiffs took no title to or interest in the land under the will as executors or otherwise. Section 2269 of U. S. Rev. Stat., which is as follows: "No lands acquired under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor," confirms the construction of the statutes as hereinbefore expressed.

We think the petition does not state a cause of action, and

the demurrer thereto was properly sustained. Judgment affirmed.

All the Justices concurring.