[No. 730. Decided January 24, 1893.]

ADOLPHE JEAN, *Appellant*, v. FRED. DEE, *Respondent*.

PUBLIC LANDS — HOMESTEADS — LIABILITY FOR ANTECEDENT DEBTS — VOID JUDICIAL SALE — EJECTMENT.

Lands acquired under the homestead laws of the United States are not subject to attachment or execution for the patentee's debts contracted prior to the acquirement of title, irrespective of the continued occupancy of the granted land by the patentee.

Where lands acquired under the United States homestead laws have been sold under execution upon a judgment for a debt of the patentee antedating his patent, and the purchaser and his successors have gone into possession under the sheriff's deed, ejectment may be maintained by the grantee of the patentee, although the patentee was not occupying said land as a homestead at the time of its sale upon execution.

*Appeal from Superior Court, Klickitat County.*

*Presby & Spalding*, for appellant:

The lands acquired by the homestead settler are held by him free from all antecedent debts. *Seymour v. Sanders*, 3 Dill. 437; *Miller v. Little*, 47 Cal. 348; *Nycum v. McAllister*, 33 Iowa, 374; *Faull v. Cooke*, 19 Or. 455; *Baldwin*

*v. Boyd*, 25 N. W. Rep. 580; *Smith v. Steele*, 12 N. W. Rep.
830; *Kansas Lumber Co. v. Jones*, 4 Pac. Rep. 74. The ex-
emption will continue in favor of the grantee. *Baldwin v.
Boyd*, 25 N. W. Rep. 580.

*H. Dustin*, and *John A. Brown*, for respondent:

The exemption of a homestead from attachment or levy
is a personal privilege which the law gives to the owner
in order that he or his family may occupy it; not that if
they cease to occupy it he may place it beyond the reach
of his creditors. Homestead exemptions are not assign-
able. *Currier v. Sutherland*, 54 N. H. 475. This case is
one which deals with a homestead under state laws, but the
same principle must prevail in United States homesteads.
In support of this proposition we cite: *Allen v. Cook*, 26
Barb. 374; *Smith v. Brackett*, 36 Barb. 571; *Folsom v.
Carli*, 5 Minn. 333.

The opinion of the court was delivered by

HOYT, J.—Plaintiff brought ejectment to secure posses-
sion of certain real estate described in his complaint. Issues
were made, and the case tried. Findings and judgment
in favor of the defendent. From such judgment plaintiff
prosecutes this appeal.

Upon the trial plaintiff showed a chain of title from the
government to him. To meet this, defendant put in evi-
dence, against the objection of the plaintiff, the judgment
roll in a case wherein D. M. Osborn & Co. were plaintiffs
and D. H. Kathan and D. H. Clark were defendants. The
defendant D. H. Kathan was the one under whom, as
patentee of the government, the plaintiff claimed title.
Such judgment roll being in evidence, the defendant intro-
duced further proof, showing that the land in question had
been sold by virtue of an execution issued thereon, and
that he held the same as grantee of the purchaser at such

sale.    It will thus be seen that the defendant's rights depend entirely upon the question as to whether or not such judgment was a valid one as against the defendant Kathan, and the further question as to the sufficiency of the proceedings had upon the execution issued thereunder to divest the said Kathan of his title to the property in question.

It is alleged on the part of the plaintiff that such judgment is absolutely void, for the reason that upon the face of the record it appears that the court never had jurisdiction to render the same.    It is clear from this record that there was no such service of the summons as, independent of the proceedings in attachment which were instituted at the time suit was commenced, would confer any jurisdiction upon the court to render judgment against either of the defendants to the action.    This is practically conceded by the respondent; but he claims that, attachment proceedings having been instituted and a levy thereunder made by the sheriff, the publication of the summons was sufficient to give the court jurisdiction.    It follows that if, for any reason, the levy under the attachment proceedings was invalid, the court never obtained jurisdiction to render the judgment relied upon by the respondent.    There can be no valid attachment, unless property is found, liable to attachment, upon which the same can be made.    It is, therefore, necessary for us to decide as to whether or not the land upon which the attachment levy was made was at the time liable to execution by virtue of a judgment rendered upon the claim which was the subject matter of the action.

It appears from the face of the proceedings that the note upon which such action was brought was executed in 1882. It further appears from the record before us that the land was acquired by the said defendant Kathan by virtue of the homestead laws of the United States, and that the patent therefor did not issue until 1884.    Such being the fact, it could not be made to respond to the judgment ren-

dered upon such claim. It is provided in said homestead law that "no lands acquired under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issue of the patent therefor." This language is broad and comprehensive, and admits of but one interpretation. From it it is conclusively made to appear that the grant by the government to the homesteader was subject to the condition that the grant thus made should not be divested, nor in any manner affected, by any proceedings growing out of a claim which antedated the issue of the patent.

Respondent seeks to meet this objection by urging that this provision in the homestead law was intended only for the protection of one actually occupying the land as a homestead, and that, so soon as he ceased thus to occupy it, he could no longer avail himself of such provision. Even if this were so, there is not enough in this record to show that this land was no longer occupied by the entryman as his homestead. The only thing that appears in the record tending in that direction is the fact that at the time the attachment proceedings were instituted he was absent from the state. But this fact alone would in no manner raise the presumption that this piece of land was no longer occupied by him as a home. We are, however, unable to agree with the contention of the respondent as to the effect of this provision of the homestead law. As we view it, it is not a question of exemption at all. There is no obligation upon the homesteader, by virtue of the laws of the United States, to occupy the same as such after the date of the issue of the patent. Hence the provision must be construed as an absolute condition annexed to the grant, and to in no manner depend upon the fact of the continued occupancy of the granted land by the patentee. It follows that at the date of the levy of the attachment the property in question was not subject to such levy, and such

proceeding, having found no *rem* to attach itself to, failed, and could in no manner aid subsequent proceedings. The judgment offered in evidence by the respondent was therefore absolutely void, and should have been excluded. But, even if such judgment were valid, it appears from the facts to which we have above referred that the land in question could never be made subject thereto, for the reason that the claim upon which the same was rendered antedated the issuing of the patent. It follows that the defendant could assert no rights founded upon a sale of the land upon an execution on such judgment.

The judgment must be reversed and a new trial had.

DUNBAR, C. J., and SCOTT, ANDERS and STILES, JJ., concur.