[No. 18327.    Department One.—December 26, 1894.]

## JOE BARNARD, RESPONDENT, *v.* LUELLA M. BOL-LER, APPELLANT.

HOMESTEAD—EXEMPTION FROM DEBTS—RECEIVER'S RECEIPT—EXECUTION SALE.—Under the law of Congress a homestead acquired pursuant to the Revised Statutes is not liable to the satisfaction of any debt contracted prior to the issuing of the patent, and no lands acquired as a homestead can be taken in execution for any debt incurred after the issuing of a receiver's receipt entitling the homestead claimant to a patent brought before the issuance of the patent.

ID.—RELATION OF TITLE TO EQUITABLE TITLE.—The fact that the patent relates to the receiver's receipt, and that the homestead claimant had a perfect equitable title to the land, which he could convey after payment had been made therefor, does not affect the question of the liability of the homestead to be taken to satisfy any debt contracted prior to the issuing of the patent.

APPEAL from a judgment of the Superior Court of Tulare County.

The facts are stated in the opinion.

*E. T. Cosper,* for Appellant.

In contemplation of law the patent to lands obtained by a settler from the government, under the land laws of the United States, issues when the right thereto is perfected, because the right to a patent once vested is treated by the government, when dealing with the lands, as equivalent to a patent already issued, and when in fact it does issue it relates back to the inception of the right of the patentee. (19 Am. & Eng. Ency. of Law, 354; *Stark* v. *Starrs,* 6 Wall. 402; *Gibson* v. *Chouteau,* 13 Wall. 92.) Therefore, when a party aliened his equitable interest in the land after entry and prior to the issue of patent, the issue of the patent to him vested in him the legal title to the land in trust for the other. The patent relates back to the act erecting the equitable title. (19 Am. & Eng. Ency. of Law, 354; *Morton* v. *Nebraska,* 21 Wall. 660; *Reichart* v. *Felps,* 6 Wall. 160.) When the right to a patent has once become vested in a purchaser of public lands it is equivalent, so far as the government is concerned, to a patent actually issued. The execution and delivery of the patent after the right to it has become complete are the mere ministerial acts of the officers charged with that duty. (*Barney* v. *Dolph,* 97 U. S. 652; *Stark* v. *Starrs,* 6 Wall. 402.) When the settler has paid his money and received the register's certificate of purchase or receiver's final receipt before patent has actually issued, the strict legal title is still in the government, but the entire equitable title and interest are in the purchaser, which he may transfer or assign at pleasure, He may convey by deed, and the legal title will vest in the grantee upon the issuing of the patent. (19 Am. & Eng. Ency. of Law, 334; *Henry* v. *Welch,* 4 La. 547, 23 Am. Dec. 490.) It is at this stage that right to a patent for the land has become vested in the purchaser, and that the government holds the legal title in trust for him until the patent is issued. (19 Am. & Eng. Ency. of Law, 334; *United States* v. *Freyberg,* 32 Fed. Rep. 195; *Deffeback* v. *Hawke,* 115 U. S. 392.) It is at this stage also that the land ceases to be the property of the United States and becomes that of the pre-

emptor to such an extent that it is liable to taxation by the state in which it lies. (19 Am. & Eng. Ency. of Law, 334; *Carroll* v. *Safford*, 3 How. 441; *Witherspoon* v. *Duncan*, 4 Wall. 210; *Goodlet* v. *Smithson*, 5 Port. 245; 30 Am. Dec. 561.) It is fair to conclude from the foregoing that at the time the debt to Schwartz & Son was incurred, and at the time of the sheriff's sale, the plaintiff was the owner of the lands in controversy free from the inhibition of section 2296 of the United States Revised Statutes.

*Lamberson & Middlecoff*, for Respondent.

It seems to us that the law needs no construction, and that it is plain and unambiguous, and various courts have apparently so held. (*Jean* v. *Dee*, 5 Wash. 580; *Sorrels* v. *Self*, 43 Ark. 451; *Shorman* v. *Eakin*, 47 Ark. 351; *Lang* v. *Morey*, 40 Minn. 396; 12 Am. St. Rep. 748; *Boggan* v. *Reid*, 1 Wash. 514; *Nycum* v. *McAllister*, 33 Iowa, 374; *Kirkaldie* v. *Larrabee*, 31 Cal. 456; 89 Am. Dec. 205.)

SEARLS, C.—This is an action to quiet the title of plaintiff to a quarter section of land, fully described in the complaint and situate in the county of Tulare.

The cause was tried by the court without a jury, written findings filed, upon which plaintiff had judgment, quieting his title as prayed for in his complaint.

Defendant appeals from the judgment, and the case is presented upon the judgment-roll without a statement or bill of exceptions.

The findings show that on the twenty-sixth day of September, 1884, plaintiff entered the land in question under the homestead laws of the United States, at the United States land-office at Visalia, California. On the seventeenth day of November, 1890, plaintiff made the proper proofs under his homestead entry and received from the receiver a receipt in due form, entitling him to a patent for said land, which patent in due form

issued to him from the government of the United States February 23, 1892.

After the issuing to plaintiff of said receipt, viz., after November 17, 1890, but before the patent issued, plaintiff became indebted to M. Schwartz & Son for goods, wares, and merchandise sold and delivered by them to said plaintiff, in the sum of eight hundred and sixty dollars and seventy-eight cents, for which said firm of Schwartz & Son brought an action in due form, and obtained a judgment against plaintiff.

On the twenty-third day of January, 1892, said Schwartz & Son caused an execution to issue upon their judgment against this plaintiff, which was levied upon the land in question, under which execution the land was sold, purchased by Schwartz & Son, who in due time received a sheriff's deed therefor, and thereafter conveyed the land to the defendant and appellant herein.

The only question presented by the appeal is, Was the land subject to levy and sale upon a debt contracted by respondent after he had made his final proofs and received his receipt but before the patent actually issued?

Section 2296 of the Revised Statutes of the United States provides that "no lands acquired under the provisions of this chapter (chapter on homesteads and providing for acquiring title thereto) shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor."

The contention of appellant is that when respondent had made his final proofs and received his receipt the right to a patent vested in him; that he then had a perfect equitable title to the land which he could convey, and that when the patent issued it relates back to the act upon which the equitable title depends, citing *Morton* v. *Nebraska,* 21 Wall. 660; *Reichart* v. *Felps,* 6 Wall. 160; *Barney* v. *Dolph,* 97 U. S. 652; *Stark* v. *Starrs,* 6 Wall. 402.

Other cases are also referred to as illustrative of the

principle that at the stage of proceedings indicated the equitable title is vested in the claimant, and that thereafter the government holds the legal title in trust until the patent issues.

We agree in main with the position of the appellant, so far as dealing with the title is concerned, independent of statutory provisions, but his conclusion in the face of the statute quoted above cannot be maintained.

Under that statute the condition or existence of the equitable title is not made the criterion of liability for antecedent debts.

The land shall not in any event become liable to the satisfaction of any debt *contracted prior to the issuing of the patent therefor.*

The date of issuing the patent is made the point of time which divides the liability and nonliability of the land. It is this event or act which determines the question of liability, and not the title or the question of relation as applicable to the holder thereof which must be taken as the criterion.

Congress has in plain and direct terms exempted the land from the debts of its owner or claimant contracted up to the happening of a specific event, viz., " to the issuing of the patent therefor."

Had the statute provided that homesteads should not be liable for the debts of the patentees thereof contracted during their natural lives, or for ten years after the issuance of the patent, its constitutionality being conceded, the end of the life of the patentee or the expiration of the ten years would afford the test by which to measure the liability, and, in such a case, it is believed no just claim of liability could be maintained on account of debts contracted before the expiration of the time specified or event mentioned upon the ground that the patentee had previously held the title, legal or equitable.

The provision of section 2296 is regarded as being equally explicit with the case supposed.

In *Jean* v. *Dee*, 5 Wash. 580, the supreme court of

Washington, in a case involving this question, held that the provision was an absolute condition annexed to the grant, and applied as against liability for debts contracted prior to the issuance of the patent therefor although the land had ceased to be occupied as a homestead after the issuance of the patent.

*Miller* v. *Little*, 47 Cal. 348, is directly in point and conclusive against the contention of appellant.

The judgment should be affirmed.

TEMPLE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.