Decided at PENDLETON, July 18, 1896.

## WALLOWA NATIONAL BANK v. RILEY.

[45 Pac. 766.]

|    |    |
|----|----|
| 29 | 289 |
| 33 | 374 |
| 29 | 289 |
| 42 | 272 |

PUBLIC LANDS — HOMESTEAD ENTRY — EXEMPTION.— Under section 2296, Revised Statutes of the United States, land acquired by a homesteader on government domain is not liable for a debt contracted by such settler after final proofs are made and before the issuance of the patent.*

From Wallowa: ROBERT EAKIN, Judge.

This is a suit in the nature of a creditor's bill by the Wallowa National Bank to subject certain real estate, formerly owned by the defendant Levi W. Riley, to the payment of plaintiff's judgment. The facts are that on August eighth, eighteen hundred and ninety-two, plaintiff commenced an action at law against the defendant to recover money, and caused the land in question to be attached; that a judgment was subsequently rendered therein, and the land ordered sold; that prior to the levy of the writ of attachment Riley conveyed the land to his wife, and she to the defendant C. B. Riley, for the purpose of hindering, delaying, and defrauding creditors; that the land in question was entered by Levi Riley as a homestead under the laws of the United States, and final proof made on the eighth day of October, eighteen hundred and eighty-nine, and patent issued to him on November twenty-third, eighteen hundred and ninety-one; that after final

*On the point here decided see *Clark* v. *Bayley*, 5 Or. 343, *Faull* v. *Cooke*, 19 Or. 456, (20 Am. St. Rep. 836,) and *State* v. *O'Neil*, 7 Or. 141, where it was discussed and passed upon.— REPORTER.

29 OR.— 19.

proof, and before patent, he became indebted to the plaintiff bank on several promissory notes, as surety for other parties; that such notes were renewed from time to time, the last renewals thereof and the notes upon which the action at law was based being made after he had received the patent for his land. Upon these facts the court below held that the land was not liable to seizure and sale for the satisfaction of said judgment, and plaintiff appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Messrs. Ivanhoe and Sheahan.*

For respondent there was a brief and an oral argument by *Mr. A. C. Smith.*

Opinion by MR. CHIEF JUSTICE BEAN.

Substantially the only question for our determination is whether a homestead under the laws of the United States is liable to seizure and sale for the satisfaction of a debt contracted after final proof and before patent issues. It is true, the contention was made at the argument that this case does not come within the provisions of the homestead law, because the notes upon which the action was based were given after the issuance of the patent. But in this view we are unable to concur. The notes in question were simply renewals of other notes, and evidence of an indebtedness contracted long before the date of their execution. The debt for which it is sought to subject the land in question to com-

pulsory sale was contracted by Levi Riley at the time the money was borrowed from the bank, and the notes then executed and all subsequent notes made in renewal thereof were but evidence of the same debt. This brings us, then, to the important question in the case. Section 4 of the act of congress of May twentieth, eighteen hundred and sixty-two, granting homesteads on the public lands (section 2296, Rev. Stat. of U. S.) provides that "No lands acquired under the provisions of this act shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor." The literal terms of this section clearly exempt the lands of the homesteader from liability for debts which antedate the issuing of the patent. But the contention for the plaintiff is that in contemplation of law the patent issues when the final proof is made and accepted by the land department, and hence the land is liable for debts contracted thereafter, and this is the view of the Supreme Court of Colorado: *Struby Mercantile Company* v. *Davis*, 18 Colo. 93 (36 Am. St. Rep. 266, 31 Pac. 495). So far as the question of title is concerned, this question may be conceded; but the vice of the position, as applied to the case before us, lies in the fact that we are not dealing with title, but with the question of exemption under a valid statute which declares in plain and direct terms that the land granted thereby shall not be liable for debts contracted prior to the happening of a specific event. It has been frequently held that, as between a settler and the government, a vested right to a patent is equivalent to a patent

issued, and thereafter the government holds the legal title in trust for the settler, and, when issued, the patent will relate back to the inception of the right of the patentee, when necessary to cut off the rights of intervening claims: *Witherspoon* v. *Duncan*, 71 U. S. (4 Wall.), 210; *Stark* v. *Starrs*, 73 U. S. (6 Wall.), 402; *Cornelius* v. *Kessel*, 128 U. S. 456 (9 Sup. Ct. 122); *Deffeback* v. *Hawke*, 115 U. S. 392 (6 Sup. Ct. 95). But this rule is one of title, and· has no bearing upon the question of exemption. By the federal constitution congress is expressly vested with the power of making all needful rules and regulations respecting the public domain, and under this power it may dispose of public lands on such terms and conditions, and subject to such limitations and restrictions, as in its judgment may be deemed advisable, and its decision is conclusive in all other places and before all judicial tribunals: *Gile* v. *Hallock*, 33 Wis. 523; *Seymour* v. *Sanders*, 3 Dillon, 437; *Russell* v. *Lowth*, 21 Minn. 167 (18 Am. Rep. 389); *Miller* v. *Little*, 47 Cal. 348.

In pursuance of this power, and with a view to encourage the settlement of the public domain, congress has invited heads of families to settle upon small parcels thereof, and make for themselves homes, with the assurance that in no event shall the land become liable to the satisfaction of any debt contracted prior to the issuing of the patent, although in the mean time the settler may become the owner of the equitable title. It will thus be seen that questions as to when the period of exemption terminates and when title attaches cannot

be determined by the same rule. The date of the issuing of the patent is made by statute the criterion by which the question of liability is to be determined, and not the condition of the title or the question of relation as applicable to the holder thereof. It was within the power of congress to designate any point of time which should fix the period of the exemption of homesteads from sale for antecedent debts, and whether such time should be at or upon the happening of some specific event after the vesting of the equitable title in the settler was a matter of public policy for congress to determine, and, its judgment having been exercised, it is not for the courts to overrule its conclusion by a technical rule of construction. It has in plain and explicit terms declared that the land of the homesteader shall not be liable for the debts of the owner or claimant contracted prior to the issuing of the patent, and thus made that date, and not the date of final proof, or the time when a right to a patent accrues, as the point which divides the liability and nonliability of the land. In our opinion, therefore, the land of a homesteader is exempt from liability for all debts contracted prior to the actual issuing of the patent by the government of the United States, whether contracted before or after the date of final proof, and in this conclusion we are supported by a recent well considered case from the Supreme Court of California, holding the same doctrine: *Barnard* v. *Boller*, 105 Cal. 214 (38 Pac. 728). The provisions of the homestead law involved here have frequently been the subject of judicial examin-

ation and discussion, and, although the particular question before us has not been passed on by any of the courts, so far as we can learn, except in the states of Colorado and California, yet the general trend we think of the decisions sustains the view we have expressed: *Miller* v. *Little,* 47 Cal. 349; *Jean* v. *Dee,* 5 Wash. St. 580 (32 Pac. 460); *Russell* v. *Lowth,* 21 Minn. 167 (18 Am. Rep. 389); *Sorrels* v. *Self,* 43 Ark. 451; *Boggan* v. *Reid* (20 Pac. 425); *Gilkerson-Sloss Commission Company* v. *Forbes,* 54 Ark. 148 (15 S. W. 191); *Baldwin* v. *Boyd,* 18 Neb. 444 (25 N. W. 580); *Seymour* v. *Sanders,* 3 Dillon, 437 (Fed. Cas. 12690); *Smith* .v. *Steele,* 13 Neb. 1 (12 N. W. 830); *Gile* v. *Hallock,* 33 Wis. 523. It follows that the decree of the court below must be affirmed, and it is so ordered.

AFFIRMED.

Decided at PENDLETON, July 18, 1896.