[No. 4421.   Decided October 6, 1903.]

A. J. TOWNER, *Respondent*, v. DANIEL RODEGEB, *Appellant*.[1]

PUBLIC LANDS—HOMESTEAD—EXEMPTION FROM DEBTS—HEIR'S PREFERENCE RIGHT TO ENTER—ADMINISTRATOR'S SALE—VALIDITY. Where a settler upon unsurveyed public lands dies without heirs who are citizens of the United States, his administrator cannot sell the improvements and right of possession to pay debts and expenses of administration, but the land is again open to settlement, since heirs do not succeed by right of inheritance, but only by virtue of a preference as new homesteaders, if qualified, and the homestead is exempt from debts.

SAME—SETTLER ON UNSURVEYED LANDS—EXEMPTIONS. The exemption from debts contracted prior to patent applies with equal

[1]Reported in 74 Pac. 50.

force to improvements on unsurveyed land before entry, and after as well as before the death of the settler, and to administrators' as well as execution sales.

ADMINISTRATOR'S SALE—RIGHTS OF PURCHASER. The rule of *caveat emptor* applies to administrator's sales.

Appeal by defendant from a judgment of the superior court for Cowlitz County, A. L. Miller, J., entered April 14, 1902, enjoining interference with plaintiff's possession of public lands, as prayed in the complaint, after sustaining a demurrer to affirmative defenses in defendant's answer. Affirmed.

*A. F. Flegel,* for appellant. He contended, *inter alia,* that the possessory rights of a settler, together with his improvements upon public lands, are personal property and assets in the hands of the administrator. *Maish v. Arizona,* 164 U. S. 599, 17 Sup. Ct. 193; *Burch v. McDaniel,* 2 Wash. T. 58, 3 Pac. 586; *Pelham v. Wilson,* 4 Ark. (4 Pike) 289; *Grover v. Hawley,* 5 Cal. 485; *Bowman v. Torr,* 3 Iowa 571; *Stewart v. Chadwick,* 8 Iowa 463; *Corbett v. Berryhill,* 29 Iowa 157; *Bower v. Keesecker,* 14 Iowa 301.

*Magill & Magill* and *J. N. Pearcy,* for respondent.

PER CURIAM.—Respondent brought this suit and alleged, that he was in possession of a certain forty-acre tract of unsurveyed government land, which was formerly occupied by one Morrison as a squatter; that respondent has been in possession of the land since about October 1, 1898; that he has partially fenced the same, has continuously improved it since said date, intends to take it as a homestead, has qualified under the laws of the United States to do so, and is entitled to the possession thereof; that on August 26, 1898, said Morrison died intestate and without heirs, and soon thereafter respondent entered

into possession of the land, and commenced the cultivation and improvement thereof as aforesaid; that on January 19, 1902, one Van Name, acting as administrator of the estate of said Morrison, attempted to sell, at public administrator's sale, the said improvements and the right of possession of said land, to the appellant herein; that thereafter the appellant, by stealth and in the absence of respondent, broke open the house upon the land, entered therein, removed rspondent's goods therefrom, entered upon the land itself, and refuses to depart therefrom; that appellant has cut timber on the premises, thrown down fences built by respondent, and threatens to cultivate the land and drive respondent therefrom; that respondent has not been absent from the premises at any time for a longer period than five days, and then only at rare intervals, since he entered into possession thereof; and that he has spent large sums of money and much labor in the improvement and cultivation of the land. An injunction is prayed, restraining appellant from committing waste upon the premises, and from in any manner interfering with respondent's possession and enjoyment thereof. The prayer also asks that respondent shall be adjudged to have the sole right of possession of said land, and that so much of said administrator's sale as attempted to convey the right of possession shall be declared null and void.

Appellant answered the complaint, denying many allegations thereof, and alleged affirmatively, among other things, that said Morrison died intestate and without heirs who were citizens of the United States; that at the time of his death he was indebted to various persons; that ten or twelve years prior to his death he settled upon the land described in the complaint, with the intention of claiming it as a

homestead, he being qualified under the laws of the United States so to do; that after his settlement thereon he proceeded to improve the land, built a dwelling house, barn, and wood shed, and cleared, fenced, plowed, and cultivated about twenty-five acres of the tract; that the said improvements and the right to the possession of said land constituted the whole estate left by said Morrison, except a few articles of personal property of small value. The facts concerning the probate proceedings authorizing the aforesaid sale, and the fact of the sale itself, are also alleged. It is further averred that appellant took possession of the land quietly and peaceably, and under and by virtue of said administrator's sale. The answer contains other allegations which need not be set out here, and concludes with a prayer for a restraining order prohibiting respondent from interfering with appellant's quiet enjoyment of the premises, and for a judgment quieting appellant's title in and to the right of possession of the land.

Respondent demurred to the affirmative answer on the ground that it does not state facts sufficient to constitute a defense to the cause of action set out in the complaint, and also upon the further ground that the court has no jurisdiction of the subject-matter of the defense set out in the answer. The demurrer was sustained. Appellant elected to stand upon his answer, and refused to plead further. Thereafter the court entered judgment to the effect, that such attempted sale by the administrator of the right to possession of the land was void, and that appellant acquired no right to such possession by virtue of such sale; that respondent is, and at all times since October 1, 1898, has been, entitled to the possession of the land; and that appellant shall be restrained from interfering with respondent's possession and enjoyment thereof. The cause is here on appeal from said judgment.

Briefly stated, the facts challenged by the demurrer to the answer are, that one duly qualified settled upon unsurveyed government land with the intention of taking it as a homestead, and afterwards died intestate, without heirs who are citizens of the United States. Subsequently another, also duly qualified, took possession of the land with the intention of taking it as a homestead, and thereafter resided upon it and improved and cultivated it for that purpose. The question of law presented is, can the administrator of the deceased settler sell the latter's improvements and his right to the possession of the land for the purpose of paying debts and expenses of administration, and vest in the purchaser the right to oust the occupant?

. The homestead law vests the rights in the land in the claimant himself, for his exclusive benefit, and if he die before patent issues, leaving no widow, then in his heirs or devisees, if they be at the time citizens of the United States. Rev. Stat. U. S., §§ 2290, 2291. The alien heirs are incompetent to make proof. and secure title to a homestead. *Agnew v. Morton,* 13 Land Dec. Dept. Int. 228. The answer in the case at bar alleges that the deceased homesteader left no heirs who were citizens of the United States. They are, therefore, incompetent to make the necessary proof and secure title as heirs of the deceased.

There is no authority in the land laws for an executor or administrator to consummate the inchoate claim of a deceased homesteader for the benefit of the creditors. *Stinson v. South & North Alabama R. R. Co.,* 9 Land Dec. Dept. Int. 599. If a homestead claimant dies before patent issues, or before the right to demand a patent has accrued, the land does not become a part of his estate. Upon

his death, all his rights under the homestead entry cease, and his heirs become entitled to a patent, not because they have succeeded to his equitable interest, but because the law gives them preference as new homesteaders, and allows them the benefit of the residence of their ancestor upon the land. *Gjerstadengen v. Van Duzen*, 7 N. D. 612, 76 N. W. 233, 66 Am. St. 679; *Chapman v. Price*, 32 Kan. 446, 4 Pac. 807. The same principle, under similar statutory provisions, is applied in the case of death of a preemptor. The subsequently perfected title shall inure to the benefit of the heirs, and can neither be devised by the preemptor, nor sold in satisfaction of his debts or expenses of administration. *Wittenbrock v. Wheadon*, 128 Cal. 150, 60 Pac. 664, 79 Am. St. 32.

"The claim of a squatter on public land, and his improvements made on the land during his occupancy, are not assets." 11 Am. & Eng. Enc. Law, 845 (2d ed.); citing *Holton v. Holton*, 99 Pa. 250, 25 S. E. 468, and *Bowen v. Burnett*, 1 Pin. (Wis.) 658.

The last cited case is directly in point, but an examination of the first one cited fails to disclose what was actually involved. The decision is a mere memorandum only, to the effect that an administrator is under no duty to administer, as a portion of his intestate's estate, property which does not belong to the latter. It may be fairly presumed, however, that the editor of the above quoted text was advised that the property referred to in the decision was "the claim of a squatter on public land." Moreover, a homestead cannot be made liable for debts contracted before patent issues. Rev. Stat. U. S., § 2296. *Barnard v. Boller*, 105 Cal. 214, 38 Pac. 728; *Wallowa Nat. Bank v. Riley*, 29 Ore. 289, 45 Pac. 766, 54 Am. St. 794. This court has recognized the above to be the invariable rule as to the enforcement of debts by any un-

willing or involuntary appropriation, as by way of execution or attachment; the exception to the rule being that a voluntary incumbrance, as a mortgage, may be enforced. *Weber v. Laidler,* 26 Wash. 144, 66 Pac. 400, 90 Am. St. 726.

If the homestead itself, with title acquired, cannot be subjected to liability for debts contracted before the issuance of patent, it would seem to follow with equal force that the homesteader's mere right to possession of land, not even entered, together with his improvements thereon, is likewise exempt from such liability. If execution for debts contracted before patent cannot be enforced against a homestead, either acquired or inchoate, it follows that such debts cannot be enforced against it by the processes of administration, as was attempted to be done in this case. If the improvements and right of possession of the settler when living cannot be sold to satisfy his debts, the mere fact of death does not change the principle.

It therefore seems to be the policy of the law to guard homestead rights for the benefit of the entryman himself, and, in case of his death before patent, for the benefit of his heirs. Whatever rights survive the death of the homesteader belong to the heirs, and not to the estate of the deceased. The heirs do not succeed to such rights by inheritance, but by virtue of the law which merely grants to them preference rights. If they fail to exercise those rights, or if, as in this case, there are no heirs capable, as citizens of the United States, of succeeding to such rights, then there is no one else to whom any preference right survives, and the land is open, as a part of the public domain, for occupancy by any qualified homesteader. The administrator, as such, succeeds to no rights in the homestead, for the reason that these are reserved for the heirs,

and the law does not invest the administrator with any rights therein simply because there are no heirs.

Appellant cites *Burch v. McDaniel,* 2 Wash. T. 58, 3 Pac. 586, and urges that case as authority for selling the possessory rights of a homesteader by the administrator. That case seems to have been decided upon the strength of the provision of former section 2269 of the Revised Statutes of the United States. That section has since been repealed by the act of March 3, 1891. See 2 U. S. Compiled Statutes of 1901, p. 1379. That section provided, that upon the death of any person entitled to claim benefits of the preemption laws, before consummating his claim, his executor or administrator might file the papers necessary, and that the entry should be in favor of the heirs of said deceased preemptor; that the patent thereon should cause the title to inure to such heirs in the same manner as if their names had been specifically mentioned.

The court held under that law, that the right of possession of preempted land to which title was inchoate passed on the death of the preemptor to his administrator; that the right of possession thus acquired was subject to a trust which required the administrator to perfect title in favor of the heirs, if the estate was in such condition as to enable him to do so, and if the interests of the heirs and all things considered so demanded; that he might, also, under such trust, if the interests of the heirs so demanded, sell the right of possession for their benefit instead of perfecting title in their behalf. But it was expressly held that such sale must be for the benefit of the heirs, and not for creditors; that the administrator stood in possession as representing the ancestor for the benefit of the heirs, and not as representing him for the benefit of creditors and heirs alike. Thus it will be seen that the case cited

is authority for sale by the administrator only when it is for the benefit of the heir. Section 2292, Revised Statutes of the United States, provides for such a sale by the administrator for the benefit of infant children of the deceased, but it must be for their benefit, and for no other purpose. There seems to be no authority for the administrator to sell for the benefit of the creditors.

We conclude, therefore, that the attempted sale in this case was void. Appellant may have purchased in good faith, but the rule of *caveat emptor* applies to a purchaser at an administrator's sale. *Gjerstadengen v. Van Duzen, supra; Smith v. Wildman,* 178 Pa. St. 245, 35 Atl. 1047, 36 L. R. A. 834, 56 Am. St. 760; *Lindsay v. Cooper,* 94 Ala. 170, 11 South. 325, 16 L. R. A. 813, 33 Am. St. 105.

We think the demurrer to the answer was properly sustained, and the judgment is affirmed.