[No. 9046.   Department Two.   March 27, 1911.]

D. S. SPRINKLE *et al.*, *Appellants*, v. PEARL C. WEST *et al.*, *Respondents.*[1]

PUBLIC LANDS—HOMESTEAD—EXEMPTION FROM PRIOR DEBTS. Lands acquired under the homestead laws are not subject to a judgment upon a note given between the making of final proof and the issuance of patent, under U. S. Rev. St., § 2296, providing that they shall not be liable in any event to the satisfaction of any debt contracted prior to the issuing of patent.

Appeal·from a judgment of the superior court for Klickitat county, McMaster, J., entered June 14, 1910, upon findings in favor of the defendants, after a trial on an agreed statement of facts, in an action to quiet title.   Affirmed.

*H. Dustin*, for appellants.

*Ward H. Wheeler, E. C. Ward*, and *N. L. Ward*, for respondents.

MORRIS, J.—This appeal submits a legal question of simple. statement, growing out of the judgment of the court below upon an agreed statement of facts, to which it will not be necessary·to refer, as it would be of no additional value.   The question is, can land acquired under the homestead laws of the United States be held liable to the satisfaction of a judgment obtained upon a note given between the making of final proof and the issuance of patent.   We answer, no.   While there is some conflict upon this question, the greater and the better authority is in accord with this view.   Section 2296, U. S. Rev. Stats., provides that:

"No lands acquired under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor."

The theory upon which it has been held in *Struby-Estabrook Mercantile Co. v. Davis*, 18 Colo. 93, 31 Pac. 495, 36

[1]Reported in 114 Pac. 430.

Am. St. 266, and other like cases, that the land may be sub-
jected to debts contracted after final proof and issuance of
the receiver's certificate but before patent, is that the final
certificate is as binding on the government as the patent,
and when the patent issues it relates back to the date of the
final certificate.  So far as the effect upon the title alone is
concerned, this is probably true, and under such theory,
mortgages executed in this interim have been sustained, it
being held that the language of § 2296 does not limit a vol-
untary lien.  This section is not one affecting title, but es-
tablishing an exemption against involuntary liens, and inas-
much as the government grants the title, it has the right to
exempt it from enforced liability until, by the issuance of its
patent, it has parted with all its title and interest in the land.
That it was the intention so to do is manifest by the language
of the section, so plain as to require no interpretation ; and the
fact that the government has, by the issuance of its certificate,
informed the homesteader that his proofs have been accepted
and his right to title established, does not interfere in any
way with this further beneficial provision of the law, that
until the government has issued its patent, the final evidence
of the title, it shall preserve these lands free and clear from
any compulsory or involuntary lien "in any event."

The identical question here presented has been passed upon
in California and Oregon, and the liability denied under the
provision of § 2296.  *Miller v. Little,* 47 Cal. 348 ; *Barnard
v. Boller,* 105 Cal. 214, 38 Pac. 728.  In the last case it is
said :

"The date of issuing the patent is made the point of time
which divides the liability and nonliability of the land.  It is
this event or act which determines the question of liability,
and not the title or the question of relation as applicable to
the holder thereof which must be taken as the criterion."

In *Wallowa Nat. Bank v. Riley,* 29 Ore. 289, 45 Pac. 766,
54 Am. St. 794, the court reasons that,

"It was within the power of Congress to designate any

point of time which should fix the period of the exemption of homesteads from sale for antecedent debts, and whether such time should be at or upon the happening of some specific event after the vesting of the equitable title in the settler was a matter of public policy for Congress to determine, and, its judgment having been exercised, it is not for the courts to overrule its conclusion by a technical rule of construction."

This case was followed in *Schultz v. Levy*, 33 Ore. 373, 54 Pac. 184. Many cases announcing like and analogous principles are collated in the note to § 2296 in 6 Fed. Stats. Ann. 307. Our own decisions, while not meeting the precise point here involved, have from the beginning announced an interpretation of this section that logically leads to the position now taken. In *Jean v. Dee*, 5 Wash. 580, 32 Pac. 460, judgment was obtained upon a note given prior to the issuance of the patent, and the land sold under execution issued thereon. Ejectment was brought by a grantee of the patentee. The judgment was held void for reasons not necessary to here refer to, but it was also held:

"But even if such judgment were valid, it appears from the facts to which we have above referred that the land in question could never be made subject thereto, for the reason that the claim upon which the same was rendered antedated the issuing of the patent."

and the court, further referring to § 2296, says:

"This language is broad and comprehensive, and admits of but one interpretation. From it it is conclusively made to appear that the grant by the government to the homesteader was subject to the condition that the grant thus made should not be divested, nor in any manner affected, by any proceedings growing out of a claim which antedated the issue of the patent."

In *Weber v. Laidler*, 26 Wash. 144, 66 Pac. 400, 90 Am. St. 726, the question involved was the right of the homesteader to mortgage the land before patent issued, and such right was sustained. The court, in its reference to § 2296, says:

"The decisions are not uniform in their interpretation of

the full meaning of the above statute.    They invariably agree that lands cannot be made liable for a debt contracted before the issuance of a patent therefor when it is sought to subject the land to the payment of such debt by an unwilling or involuntary appropriation thereof."

In *Towner v. Rodegeb*, *33* Wash. 153, 74 Pac. 50, 99 Am. St. 936, the question involved was the right of an administrator to sell the improvements and right of possession of a deceased settler upon unsurveyed lands, and in the course of the opinion it is said:

"Moreover, a homestead cannot be made liable for debts contracted before patent issues;" citing the statute and the California and Oregon cases herein cited.

It is apparent, therefore, that this court has adopted a construction of this statute that eliminates the lien of involuntary appropriation and incumbrance, and calls for a negative answer to the question submitted.

The judgment is affirmed.

CROW and CHADWICK, JJ., concur.