370 P.2d 195

**J. H. ST. MARIE, a single man and bachelor, substituted by amendment as plaintiff in lieu of John R. Burke, former plaintiff, Plaintiff and Respondent,**

**v.**

**CHESTER B. BROWN COMPANY, a corporation, Appellant,**

and

**LeRoy Fenton, Defendants.**

**No. 9007.**

Supreme Court of Idaho.

March 30, 1962.

Woodall, Duffin & Redford, Rupert, for respondent.

Creason & Creason, Rupert, S. T. Lowe and Kales E. Lowe, James Annest, Burley, for appellant.

McFADDEN, Justice.

One John R. Burke, instituted this action to quiet title to certain real property in Minidoka County, naming the Chester B. Brown Company, appellant herein, and one LeRoy Fenton, as defendants. Respondent who later purchased the property, was substituted as the plaintiff. Fenton did not appear and default was taken against him. The defendant company by its answer, claims an interest in the property, based upon a judgment against Burke. Plaintiff moved for summary judgment on the record. The court granted his motion and entered judgment, quieting title in plaintiff as against defendant company. Appeal was taken from the entry of the order granting the motion for summary judgment and from the judgment itself.

The defendant company's claim of interest in the property is based on a default judgment taken by it against John R. Burke. This judgment was for an indebtedness arising from sale by the company to Burke of commercial fertilizer, services and equipment furnished for use by Burke on the property involved in this action.

A brief recitation of the undisputed facts is essential to understand the issues presented by this appeal. Burke, in May, 1956, drew a right to select a homestead entry on the Minidoka Northside Pumping Extension of the Minidoka Project; he later selected the property which is the subject of this action. The Department of Interior issued to him its Notice of Allowance on October 17, 1956. Between March and May, 1958, Burke became indebted to defendant company for fertilizer, services and equipment furnished him. In October 1958, this company brought suit against Burke for the balance due on the account, and on November 6, 1958, default was entered against Burke, judgment being entered the next day. Ten days later, Burke filed a Declaration of Homestead with the Minidoka County Recorder ·on this property. April 13, 1959, Burke submitted final proof with the Interior Department and on April 29, 1959, filed in U. S. District Court, his voluntary petition in bankruptcy. April 30, 1959, Burke sold the premises to one Hulse and wife, who on May 1, 1960, resold the property to the plaintiff. Patent was issued by the United States Government on September 2, 1959. This quiet title action was instituted May 18, 1960 to determine the validity of any claim by the defendant.

The defendant company by its answer and its contentions on this appeal, seeks to establish as a valid lien on this property the judgment obtained in its action against Burke. To sustain this position it is asserted that the summary judgment entered against it was erroneous. 43 U.S. C.A. § 175 provides:

"*§ 175. Exemption from execution of homestead land.* No lands acquired

under the provisions of the homestead laws and laws supplemental and amendatory thereof shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor. (R.S. § 2296; Apr. 28, 1922, c. 155, 42 Stat. 502.)"

Even under this section, an exception is recognized to its application when a voluntary encumbrance or lien is placed on the land by the entryman, the lien attaches to the entryman's interest. See Bashore v. Adolf, 41 Idaho 84, 238 P. 534, 41 A.L.R. 932. The defendant company argues that since the judgment taken by it against Burke was one taken by default, which Burke could have defended against, such default judgment is a voluntary impression of the judgment lien on the homestead, coming within the exception. With this contention we cannot agree. The lien of a judgment attaches to real property by operation of law (I.C. § 10–1110), and not by reason of the voluntary action of a judgment debtor.

■ The holding of Ruddy v. Rossi, 248 U.S. 104, 39 S.Ct. 46, 63 L.Ed. 148, 8 A.L.R. 843, reversing a decision of this Court, 28 Idaho 376, 154 P. 977 is authoritative here. There the Supreme Court of the United States held to the effect that the exemption of homestead lands under 43 U.S.C.A. § 175 from liability for debts contracted prior to the issuance of the patent, even extends to debts incurred after obtaining the receiver's final receipt or certificate, but before the patent has actually issued. Under that section of the homestead law, *a judgment lien cannot attach to the property* for debts incurred prior to patent, and if the entryman should sell, his purchaser takes the property free from claim of lien. See also: Barnard v. Boller, 105 Cal. 214, 38 P. 728; Ash v. Eriksson, 115 Minn. 478, 132 N.W. 997; Sprinkle v. West, 62 Wash. 587, 114 P. 430, 34 L.R.A.,N.S., 404, Ann.Cas.1912D, 281; Blair v. Mayer, 24 S.D. 563, 124 N.W. 721, 140 Am.St.Rep. 797; Kruger v. Adams & French Harvester Co., 13 Neb. 97, 13 N.W. 3; Wallowa Nat. Bank v. Riley, 29 Or. 289, 45 P. 766, 54 Am.St.Rep. 794; Schultz v. Levy, 33 Or. 373, 54 P. 184; Razzano v. Burcham, 118 Wash. 142, 203 P. 23. In the instant action, no lien ever attached to the real property in question by reason of the appellant's judgment against Burke. The property being free from any such lien, no lien thereafter arose upon his subsequent conveyance.

■■ Appellant's correlative contention that the transfer by Burke of his homestead property and his voluntary petition for bankruptcy is a fraud on his creditors is without merit. In Campbell v. Largilliere Co., Bankers, 44 Idaho 293, 256 P. 371, this court explained that a creditor who complains of the fraudulent conveyance of property must show that the property was amenable to his debt. If the property,

before transfer, was exempt from execution then a creditor could not reach it and a subsequent transfer would deprive the creditor of no rights. The creditor is in no position to claim fraud in such a situation because he has lost nothing by the action complained of. See also: Keller v. Flanagan, 66 Mont. 144, 213 P. 222.

Judgment affirmed.

Costs to respondent.

SMITH, C. J., and TAYLOR, KNUDSON and McQUADE, JJ., concur.