596 P.2d 794

Daisy Janet THOMAS a/k/a Daisy Janet
Goff, Plaintiff-Respondent,

v.

Ray W. GOFF, Defendant-Appellant.

No. 12372.

Supreme Court of Idaho.

June 20, 1979.

Roger D. Ling of Ling & Nielsen, Rupert, for defendant-appellant.

Ronald Jarman, Kenneth E. Lyon, Jr., Pocatello, for plaintiff-respondent.

McFADDEN, Justice.

This appeal involves a long standing dispute between Daisy Janet Thomas (also known as Daisy Janet Goff), the plaintiff-respondent, and her former husband Ray W. Goff, defendant-appellant. These parties were married June 1, 1947, to which marriage four children were born. Their eldest daughter was killed in an automobile accident in January, 1969. During their marriage Ray W. Goff, a World War II veteran, applied for and drew under the United States Homestead drawing the right to homestead a tract of some 141.9 acres of land lying in Minidoka County. The homestead entry was apparently made pursuant to 43 U.S.C. § 279, a section of the federal homestead laws giving preference to World War II and Korean conflict veterans. The parties resided on this property for a time, but did not obtain a patent to the property from the Federal Government.

After differences arose between the parties, Daisy Janet Thomas (Goff) obtained a decree of divorce from her husband on January 5, 1963. In this decree the respondent mother was awarded custody of the minor children, subject to visitation rights by the appellant father, who was obligated to pay support for the minor children. The trial court also divided the parties' personal property and held that the 141.9 acre homestead entry was acquired as community property. To satisfy each party's community interest in the real property, the trial court awarded the homestead property to appellant and ordered him to execute a promissory note payable to the wife in the amount of $14,500 with three per cent interest, payable in annual installments. The installments were due on March 15, 1963 and yearly thereafter. The first three annual installments were for $1,000 each, and the later installments were to be $2,000 up to and including March 15, 1970, with the balance of principal and interest to be paid on March 15, 1971.

In the divorce decree the trial court ordered appellant to execute a real estate mortgage on the homestead property to secure the note. In the event that the defendant Ray W. Goff failed to execute the note and mortgage, upon showing, the court would appoint someone to execute these instruments on his behalf. Goff did not execute the note and mortgage, and instead, they were executed on his behalf by the court clerk pursuant to court order.

Appellant failed to comply with the terms of the promissory note and in 1964 Daisy Janet Thomas (Goff) instituted another action against Ray W. Goff on the promissory note and to foreclose the mortgage. The

record fails to disclose any further proceedings in this foreclosure action, or whether the complaint was ever served on Ray Goff.

In February, 1973, Daisy Janet Thomas (Goff), respondent herein, instituted the instant action. Her first complaint sought a judgment for past due child support, attorney fees and foreclosure of the note and mortgage. She filed an amended complaint in July 1974, wherein she sought a judgment for past due child support payments, modification of the original divorce decree, and a money judgment against the defendant for the amount of the promissory note and mortgage with interest. She also asked that she be allowed to patent the land which the court found to be community property, that she be allowed to assert the balance due on the promissory note with interest and attorney fees as liens against the land and that it be sold to satisfy the debt, or that the court grant some equitable means whereby the original divorce decree could be enforced.

In her amended complaint respondent alleged that appellant Goff had never paid (except for one small payment) the promissory note provided in the divorce decree, but that the original note and mortgage have never been enforceable. She claimed that this note and mortgage were unenforceable because the land was acquired under the Desert Entry Lands Act of the Federal Government, that the land has never been patented, and although the defendant filed for bankruptcy and the Trustee attempted to force him to patent the land it was not accomplished.

Appellant answered the amended complaint generally denying its allegations, and as affirmative defenses pertinent to this appeal pleaded that respondent's claim was barred by the statute of limitations, i. e. I.C. § 5–215(1),[1] inasmuch as more than six years had elapsed since entry of the original decree of divorce and division of the property; that respondent had filed her claim against him in his bankruptcy proceedings and that all claims by her against the homestead property were barred by the bankruptcy proceedings; that appellant and respondent had entered into an agreement sometime near April 1970, under which respondent waived future child support payments in consideration of his waiver of future visitation rights with a daughter, and that he fulfilled his part of this bargain.

The trial court, after presentation of the evidence, entered findings of fact, conclusions of law and a decree wherein the court held that Daisy Janet Thomas's claim to her interest in the real property was not barred by the provisions of I.C. § 5–215; that the homestead property is jointly owned as a tenancy in common with an equal interest in both parties; and that Daisy Janet Thomas should execute a deed to Ray W. Goff upon payment by him to her of the sum of $14,500 with interest from January 5, 1963 at 6% per annum, with the payment to be made upon such terms as may be mutually agreed upon by the parties. The trial court also awarded Daisy Janet Thomas the sum of $525 as past due child support.

After appealing from this judgment, appellant moved to augment the record with two items: a copy of the findings of fact, conclusions of law and order in his petition in bankruptcy; and a copy of the complaint filed against him in the district court for Minidoka County by respondent on April 17, 1964, seeking judgment on the note and foreclosure of the mortgage ordered entered in the original divorce action. Appellant's motion to augment is denied for two reasons: first, the record on this appeal does not disclose that the requested instruments in the bankruptcy proceedings were ever brought before or considered by the trial court; and secondly, a copy of the complaint filed by respondent against appellant on April 17, 1964 is already a part of this record.

---

1. § I.C. 5–215 provides in pertinent part:
Action on judgment. . . .
Within six years:

1. An action upon a judgment or decree of any court of the United States, or of any state or territory within the United States.

On this appeal, appellant asserts that no lien or financial obligation can attach to the homestead property inasmuch as federal law has preempted this area; that the statute of limitations has run on the $14,500 note executed pursuant to the original divorce decree; and that he entered into a novation with respondent, by which respondent released him from his obligations under the decree of divorce. He also contends that since no appeal was taken from the decree of divorce entered in 1963, the trial court had no authority to reform the original decree of divorce with regards to his obligation on the note which was purportedly secured by a mortgage on the homestead entry. Appellant does not, however, question the propriety of the judgment entered against him for $525 past due child support.

 With regards to the authority of the district court to modify the terms of the original decree of divorce, we agree with appellant. It is well settled in Idaho that courts do not have jurisdiction to modify the property provisions of a divorce decree after the decree becomes final, absent fraud or coercion. *Paul v. Paul*, 97 Idaho 889, 556 P.2d 365 (1976); *Lowe v. Lowe*, 92 Idaho 208, 440 P.2d 141 (1968); 27B C.J.S. Divorce § 300(4). Respondent did not initiate this action until long after the time for appealing the original decree of divorce had expired. I.C. § 13–201 (1957) (repealed by S.L.1977, Ch. 170, § 5). Consequently, the district court did not have jurisdiction to modify the terms of the 1963 divorce decree insofar as the distribution of the community property is concerned. *Paul v. Paul, supra.* The district court's holding that respondent and appellant own the homestead property as tenants in common is therefore reversed. Thus, respondent's only possible recovery in this action is on the original decree of divorce or the $14,500 promissory note and the mortgage which were executed under it.

 As noted above, the original decree of divorce was entered on January 5, 1963, and the instant action was commenced on February 23, 1973. The district court concluded as a matter of law that respondent's claim was not barred by I.C. § 5–215(1), which requires an action on a judgment to be brought within six years. However, the district court failed to make any findings of fact regarding this issue. Even though respondent alleged a small payment by appellant, and there was proof in this regard, there was no finding as to when such payment was made and whether or not it tolled the operation of any applicable statute of limitations pursuant to I.C. § 5–238. We therefore remand this case to the district court for findings of fact on this issue.

 As to the $14,500 promissory note, the district court failed to determine whether respondent's recovery on the note is barred by I.C. § 5–216, which requires an action upon a written contract to be brought within five years. The promissory note contains the following acceleration clause:

"If any default be made in the above mentioned payments or in the case of failure to comply with any of the requirements of the mortgage given by the maker to secure payment of this note, than at the election of the holder of this note, without presentation or demand, the unpaid principal sum and all interest accrued thereon shall become due and payable at once."

If the action respondent brought against appellant in 1964 constituted an election to accelerate all payments under the note, the statute of limitations began to run against the entire indebtedness at that time. *Amer. Mut. B. & L. Co. v. Kesler*, 64 Idaho 799, 137 P.2d 960 (1943); *Union Central Life Ins. Co. v. Keith*, 58 Idaho 471, 74 P.2d 699 (1937). If there was no election to accelerate the terms of the note, the statute of limitations applies to each installment separately, and does' not begin to run on any installment until it is due. *H. M. Chase Corp. v. Idaho Potato Processors, Inc.*, 96 Idaho 398, 529 P.2d 1270 (1974). On remand the district court should make findings of fact and conclusions of law on these factual issues.

 The mortgage on the homestead property, which was executed by the court

clerk on appellant's behalf pursuant to the 1963 divorce decree, is of questionable validity. As noted above, a patent has never been issued for the homestead property. At the time the mortgage was executed, 43 U.S.C. § 175 (1922) provided:

"No lands acquired under the provisions of the homestead laws and laws supplemental and amendatory thereof shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor." (Repealed October 21, 1976.)

This federal statute is binding on the State of Idaho. *Ruddy v. Rossi*, 248 U.S. 104, 39 S.Ct. 46, 63 L.Ed. 148 (1918), reversing 28 Idaho 376, 154 P. 977 (1916). Under this section of the homestead law, an involuntary lien or encumbrance cannot attach to homestead property for debts incurred prior to patent. *St. Marie v. Chester B. Brown Co.*, 84 Idaho 216, 370 P.2d 195 (1962); *Barnard v. Boller*, 105 Cal. 214, 38 P. 728 (1894); *Craig Lumber Co. v. Ramey*, 108 Colo. 516, 119 P.2d 608 (1941); *Wallowa Nat'l Bank v. Riley*, 29 Or. 289, 45 P. 766 (1896); *Razzano v. Burcham*, 118 Wash. 142, 203 P. 23 (1921). However, cases hold that when a voluntary encumbrance or lien is placed on the land by the entryman, the lien attaches to the entryman's interest. *St. Marie v. Chester B. Brown Co., supra*, 84 Idaho at 219, 370 P.2d 195; *Bashore v. Adolf*, 41 Idaho 84, 238 P. 534 (1925). A decision as to whether the mortgage at issue is voluntary or involuntary would be premature at this time. But, if the district court concludes that respondent's cause of action on the promissory note is not barred by the statute of limitations, findings of fact and conclusions of law concerning the validity of the mortgage will be necessary.

▆ At the trial below, appellant presented evidence of an agreement between himself and respondent, whereby respondent agreed to release him from his obligations under the divorce decree if he would help her through college. Even though the pleadings make no mention of this oral agreement, evidence regarding it was not objected to at trial. Under I.R.C.P. 15(b) the introduction of this evidence was sufficient to raise an issue as to whether or not the oral agreement constituted a novation which discharged appellant's obligations under the decree of divorce. Thus, we also remand this case for findings of fact and conclusions of law as to whether the oral agreement constituted a novation, and if so, its effect upon appellant's obligations under the divorce decree and the note.

Since a variety of unresolved factual issues exist, in the interest of justice the parties should be allowed to fully litigate them prior to their determination. We therefore order a new trial on the issues discussed above with regard to the decree of divorce, the promissory note, the mortgage, and the oral agreement. Judgment reversed, and cause remanded for further proceedings consistent with this opinion. Costs to appellant.

DONALDSON and BISTLINE, JJ., and DUNLAP, J. pro tem., concur.

SHEPARD, C. J., dissents without opinion.