No. 6114.

P. E. BRIANT VS. G. LYONS, SHERIFF, ET AL.

The homestead act, which exempts one hundred and sixty acres of land, etc., from seizure and sale, is in favor of a debtor who owns the land, and who has a family dependent on him for support. The benefit it confers is strictly personal. It is likewise in derogation of common right and, hence, does not descend from the debtor in favor of his widow, or his children.

APPEAL from the Fifteenth Judicial District Court, parish of Terrebonne. *Beattie, J.  N. H. Rightor*, for plaintiff and appellant. *Goode & Winder*, for defendants.

The opinion of the court was delivered by MANNING, C. J.

The plaintiff executed a mortgage on the twelfth of April, 1873, to secure Nalle & Cammack, and other parties, the payment of four notes, each for $2222 22, with interest. The property mortgaged is the sugar plantation of plaintiff in the parish of Terrebonne, and contains 417 acres of land. After the maturity of the notes, and upon their non-payment, executory process was issued at the instance of Nalle & Cammack, who had become the holders of all of the notes, and on the seventh of March, 1874, Briant, the debtor and mortgagor, enjoined the sale of a part of the mortgaged property, viz.: 158 acres, upon which is situated his residence, upon the ground that he is " a married man and the father of a family dependent upon him for support; that he occupies as a residence and *bona fide* owns the dwelling-house and out-buildings and residence appurtenances upon the lower portion of the plantation," which does not exceed two thousand dollars in value, and that such part, and quantity of his property is exempt from seizure and sale.

Defendants answer that the property, the sale or which is enjoined, exceeds in value the sum above mentioned, and that Briant specially and expressly waived and renounced any and all exemptions in favor of debtors under the homestead laws, and prays a dissolution of the injunction with damages.

When the litigation had reached this point, the plaintiff died, and on April 19, 1875, his widow, as administratrix of his succession, filed a sup-

plemental petition, making herself a party to the suit in her representative capacity, and renewing the prayer of the original petition, to which defendants reply, that if the debtor had any right to the exemption claimed, it did not survive him in favor of the representative of his succession.

The act of 1865, called in common parlance the homestead law, exempts from "seizure and sale under execution one hundred and sixty acres of ground and the buildings and improvements thereon, occupied as a residence and *bona fide* owned by the debtor, having a family * * * dependent upon him for support." Acts of 1865, p. 52; Revised Statutes of 1870, section 1691.

The debtor in this case is Paul E. Briant, who is dead, and who no longer fulfills, or can fulfill, the requirements of the act. The property exempted must be owned by the debtor and occupied as a residence, and he must have a family dependent on him for support. It can be plausibly urged that the intention of the act was to provide a home for the debtor and his family, with sufficient land to insure them against want, and that this beneficence of the Legislature will be defeated and will be inoperative if, his death occurring during the pendency of the litigation touching the homestead exemption, no right survives to his representative to continue that litigation, and enforce, in behalf of those who were dependent on him for support, the law provided for himself. The family will thus be left homeless when a home is most needed, and the fruit offered by the lawgiver to the poor debtor will be turned into bitter ashes before his poorer family.

Such an appeal would be addressed to our compassion and benevolence. It is our judgment that is invoked in legal contestations. It is a well-settled principle that laws of the nature of this homestead act are in derogation of common right, and can not be enlarged by construction. It may well be doubted whether such laws, like most indiscriminate charities, are beneficial to the general public, or even to those for whose relief they are specially designed. However that may be, we can not apply the act to any other than those designated descriptively in it, and the representative of Briant's succession does not come within its terms.

In Calvit vs. Hoy, decided in 1874, and not reported, the plaintiff was a woman who during her widowhood had acquired by purchase the land the exemption of which was claimed, and who was the head of her family with two children, alleged and held to be dependent on her for support. Her claim of the benefit of the exemption was sustained. Opinion Book No. 43, p. 358.

That case is easily distinguishable from the one at bar, for here the widow does not own the property, neither is she suing in her personal capacity, but as representative of a succession to enforce a personal and

Briant vs. Lyons.

inchoate right of the decedent, which was imperfect and unestablished at the moment of his death.

Another law makes another provision for the widow of a decedent who is in necessitous circumstances. Another forum than that from which this appeal comes must hear that claim, and if we may assume that the mortgaged property is all that enters into the effects of the succession, such claim could not be satisfied without its sale, nor until the proceeds are ready for distribution.

The judgment of the lower court was that the injunction be dissolved without damages, and it is now ordered, adjudged, and decreed that the judgment of that court be and it is hereby affirmed with costs.

DE BLANC, J.—On account of affinity, I recused myself in this case.