THE STATE OF OREGON, APPELLANT, *v.* LAWRENCE O'NEIL ET AL., RESPONDENTS.

LIEN FOR COSTS—CONVICTION FOR FELONY.—N., a homestead settler, committed the crime of bigamy in 1873. In 1875 he received a patent for the homestead land. On the twenty-first of October he was indicted for the crime of bigamy, and was thereafter convicted and a judgment rendered against him for the costs of prosecution: *Held*, that the statute which gives the state a lien for costs upon the property of persons convicted of felonies from the time of the commission of the crime did not create a lien against this homestead at the time the felony was committed, the title thereto being at that time in the general government.

APPEAL from Douglas County.   The facts are stated in the opinion.

*S. H. Hazard*, for the state.

*L. F. Moshier and John Kelsay*, for respondents.

By the Court, KELLY, C. J.:

The facts as they appear in the record of this case are substantially as follows: On the first day of November, 1873, the defendant, Lawrence O'Neil, committed the crime of bigamy, for which he was indicted on the twenty-first day of October, 1876, and convicted at the May term, 1877, when the costs and disbursements of the trial incurred by the state were taxed at two hundred and thirty-seven dollars and forty cents, and entered on the judgment docket, in order to make the same a lien on his real estate. On the sixth day of January, 1875, the United States issued a patent to the defendant, Lawrence O'Neil, for a tract of land described in the complaint, which was taken by him as a homestead, under the act of congress of May 20, 1862, known as the homestead law. The defendant, Lawrence O'Neil, con-

veyed this homestead to his wife, Bridget O'Neil, on October 21, 1876.

The appellant claims that it has a lien on this land from the first day of November, 1873, for the costs and disbursements incurred in the proceedings against Lawrence O'Neil, by virtue of section 763 of the criminal code, which is as follows: "In all cases of the commission or attempt to commit a felony, the state has a lien, from the time of such commission or attempt, upon all the property of the defendant, for the purpose of satisfying any judgment which may be given against him for any fine on account thereof, and for the costs and disbursements in the proceedings against him for such crime."

This suit in equity is now brought to foreclose the lien which the state has under this section of the criminal code; and to subject the land above described to sale upon execution, to satisfy the judgment for costs and disbursements incurred in the trial and conviction of O'Neil. We think it is clear that the appellant could not have a lien upon the homestead claim of Lawrence O'Neil at the time he committed the crime of bigamy, for the land still belonged to the United States and not to him. The object of the homestead act of congress was to give homes to those who settled upon and cultivated the public lands, and to prevent as far as possible these homesteads from being sold upon execution to satisfy debts contracted prior to the granting of the patent for the same.

Section 2296 of the revised statutes of the United States provides that "No lands acquired under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor."

The words "debts contracted" do not necessarily mean debts or obligations incurred by an agreement of parties. The word contract has a more extensive signification than to make an agreement. Debts contracted in the ordinary acceptation of the term will include liabilities incurred. If, for a trespass committed by a homestead claimant, a judgment for damages should be recovered against him be-

fore the issuing of a patent for the land, we hold that the homestead could not lawfully be sold on an execution issued upon the judgment after the date of the patent. The object congress had in view, by the enactment of that law, was to secure permanent homes to settlers on the public domain, and in no event to allow them to be sold upon execution to discharge any liability incurred by the homestead claimants before the patent should issue.

We do not decide what was the effect of the judgment rendered for costs and disbursements against Lawrence O'Neil, upon the land after the issuance of the patent. That is a matter not before us, and we express no opinion upon it. All we are called upon to decide in this suit is whether section 763 of the criminal code created a statutory lien upon the homestead of O'Neil from November 1, 1873, when he committed the crime of which he was afterwards convicted. And we hold that no such lien existed upon the land. Taking this view of the case it is unnecessary to decide whether the deed of Lawrence O'Neil to his wife Bridget operated as an equitable conveyance of the homestead to her or not. The statutory lien never attached to the land, and it was equally free from that incumbrance, whether it belonged to the husband or the wife.

Land patented to an actual settler under the homestead act of congress does not become liable for a debt of the patentee contracted prior to the issuance of the patent, if conveyed by the patentee to another person. (*Russell v. Lowth,* 21 Minn. 167; *Miller* v. *Little,* 47 Cal. 348.)

The decree of the court below is affirmed.