PERKINS v. HINCKLEY, ADM'R.

| 71   499|
|e130  655|

1. **Estates of Decedents:** ASSETS: PENSION MONEY. Upon the death of a married man leaving money derived from a pension received from the United States, the money goes to his administrator, and not to his widow.

*Appeal from Johnson Circuit Court.*

FRIDAY, MARCH 18.

THE defendant is administrator of the estate of E. S. Perkins. At the time of the latter's death, he owned a certificate of deposit issued by a bank for $1,000, which money had been received from the United States government as and for a pension granted him. The plaintiff is the widow of said E. S. Perkins, and she in her petition asked the circuit court to order the defendant to deliver the said certificate to her, upon the ground that the money was exempt from execution, and that she, as widow, was entitled thereto. This was denied by the defendant, and he claimed that the money belonged to him as administrator. The court found for the defendant, and denied the relief asked. The plaintiff appeals.

*Remley & Remley,* for appellant.

*S. H. Fairall,* for appellee.

SEEVERS, J.—It is provided by statute that "all money received by any person * * * as a pension * * * shall be exempt from execution, * * * whether such pensioner shall be the head of a

family or not." Chapter 23, Laws Twentieth General Assembly. It is obvious that under this statute the money in question was not exempt from execution because E. L. Perkins was the head of a family. If he had never been married, the money was just as clearly exempt. The Code provides that, "when the deceased leaves a widow, all personal property which, in his hands, as the head of a family, would be exempt from execution, * * * shall be exempt in her hands as in the hands of the decedent." Code, § 2371. Under this statute, the widow is entitled to all personal property which is exempt from execution, for the reason or because her deceased husband was the *head of a family.* But we have seen that the money in question was not so exempt, and therefore she is not entitled thereto. As we read the statute, the words, "as the head of a family," define and limit the rights of the plaintiff. There is no rule of construction which authorizes the elimination of such words, and therefore the judgment of the circuit court is

AFFIRMED.