A. G. BEATTY, Appellee, v. ELZY WARDELL, Admr., CLARA OLDEN, ELZY WARDELL, SUSAN ROBERTS, B. F. WARDELL, and A. C. WARDELL, heirs of Jane Wardell, deceased, Appellants.

Homestead of pensioner: EXEMPTION: STATUTES. A homestead purchased with pension money is exempt from antecedent debts during the life of the pensioner, but is not exempt from such debts in the hands of heirs of the pensioner.

*Appeal from Buchanan District Court.*— HON. FRANKLIN C. PLATT, Judge.

SATURDAY, NOVEMBER 18, 1905.

Rehearing denied May 24, 1906.

SUIT in equity to subject certain property to the payment of a judgment held by plaintiff against one Jane Wardell, now deceased. The defendants are her administrator and heirs at law, and as such they pleaded that the property was the homestead of the said Jane Wardell at the time of her death, having been purchased with pension money received by her from the United States government. There was a trial to the court, resulting in a decree for plaintiff, and defendants appeal.—*Affirmed.*

*Cook & Cook* and *R. E. Leach,* for appellants.

*E. B. Abbott,* for appellee.

DEEMER, J.— The property in controversy, being a lot in the city of Independence, was owned by Jane Wardell at the time of her death. It had been purchased with pension money obtained by her from the general government. Immediately after her purchase of the property

she moved into the same, and had occupied it as a homestead down to her death.   One of her minor children lived with her upon the property until about four months just preceding her death.   Jane Wardell left surviving five children, who were all of age, save one.   This one was twenty years of age.   After he left his mother's home there was no one residing with her upon the property.   Plaintiff holds a judgment against Jane Wardell upon debts contracted some time prior to the receipt of the pension money, and before the acquisition of the homestead.   The deceased left no children under the age of sixteen years, nor were or are any of her children dependent upon her.   Defendants contend that the property is exempt to them from the debts of their mother, for the reason that it was her homestead purchased with pension money; while on the other side it is contended that the property is not exempt, and that while it may have been exempt so long as Jane Wardell lived, it did not pass to the heirs freed from the mother's debts contracted prior to the acquisition thereof.

The creation of homesteads and exemptions is the work of the Legislature, and to its acts we must look in determining such controversies as this.   In the Code, under the title "Homesteads," we find the following provisions: "The homestead of every family is exempt from judicial sale, where there is no special declaration to the contrary."   Section 2972.   "The homestead may be sold on execution for debts contracted prior to its acquisition."   Section 2976.   "Upon the death of the wife  . . .  if there be no survivor the homestead descends to her issue according to the rules of descent  . . .  and is to be held by such issue exempt from any antecedent debts of their parents, or of their own, except those of the owner thereof contracted prior to its acquisition."   Section 2985.   Under these statutes it will be observed that the homestead while used and occupied by the family is exempt, and that it is also exempt to the heirs, except for the antecedent debts of the ances-

tor, contracted prior to its acquisition. Defendants, who are the administrator and heirs at law of Jane Wardell, cannot hold the property in question as exempt under these statutes, for two reasons: First, because at the time of the widow's death she had ceased to be the head of a family; and, second, because the judgment which plaintiff is seeking to enforce was for debts contracted by the deceased owner prior to the time she acquired the property.

But they rely upon another provision of law, found in the Code under the title "Executions," which reads as follows: "The homestead of every pensioner, whether the head of a family or not, purchased and paid for with pension money or the proceeds or accumulations thereof shall be exempt, and such exemptions shall apply to debts of such pensioner contracted prior to the purchase of the homestead." Code, section 4010. Under this section the property in question was exempt to the pensioner during her life, although she was not the head of a family, even from debts contracted by the owner thereof prior to its acquisition. So that, so long as Jane Wardell lived, plaintiff could not have enforced his judgment against the property, although she lived upon it alone, and notwithstanding the debts for which it was rendered were contracted prior to its acquisition by her.

But the question here is, did the heirs take the homestead, free from the antecedent debts of their ancestor? There is nothing in any of these statutes which expressly so declares; and, if there be any such exemption, it must be bottomed on the thought that, as the property could not have been taken by the judgment creditor during the life of his debtor, the exemption so stamped upon it passed to the heirs or successors in interest and freed it from the antecedent debts of their mother. It is true that section 4010 provides that the homestead of every pensioner purchased and paid for with pension money shall be exempt, no matter if he be living alone, and that it shall be exempt even from debts contracted

prior to its acquisition; but this evidently has reference to an exemption during the life of the owner. The manifest purpose of the act was to save the homestead to a pensioner who might be living upon it alone, and to secure it to him free from antecedent debts. There may also have been the thought of preserving the property to the pensioner, even though he had invested his pension in other ways and in other things before it finally reached the homestead.

Appellants' contention, broadly speaking, is that section 4010 creates a new homestead, which is exempt in the hands of heirs, free from the antecedent debts of the ancestor. But this is evidently unsound. True this homestead is relieved of certain rules which apply to homesteads in general; but for the rules applicable to homesteads in general we must look to the statutes and decisions relating thereto. Under the general homestead statutes, which we have quoted, this property, although homestead in character, and exempt during the life of the pensioner, did not pass to her heirs, free from her antecedent debts. Code, section 2985. This is the only section of the Code relating to homestead exemptions after the death of the owner, and, if that is to control, the property is subject, in the hands of the heirs, to the antecedent debts of the owner. Conceding, then, that the property in question was a homestead, and exempt in the hands of the purchaser, there is nothing in the statute which declares that it shall be exempt in the hands of the heirs.

If we turn to the statute with reference to the descent of homesteads, there is nothing to indicate that it shall pass free from antecedent debts, although purchased with pension money or the avails thereof. This was a homestead during the pensioner's life, although she had no family living with her, and could not have been taken for antecedent debts; but, in order to determine the rule to be applied after her death we must look to the general statute as to the descent of homesteads. Turning to that, we discover that it is not

exempt in the hands of the heirs from the antecedent debts of their ancestor. As a general rule a homestead exemption is for the benefit of the occupant; and upon his death, in the absence of statute, it descends to the heirs as other property of the deceased. If there be any other rule, it is in virtue of some statute so declaring. So that the mere exemption of property as a homestead does not free it from the debts of the owner in the hands of his heirs after death. If there be any such exemption, it is by reason of some statute so stating. There is no statute which exempts any kind of homestead in the hands of heirs free from the antecedent debts of the owner contracted prior to its acquisition. Indeed, the very opposite rule is stated in the statute quoted. As the homestead exemption is in derogation of common right, it does not, in the absence of statute, descend to heirs at law, and may be subjected to the payment of the ancestor's debts. *In re Liddle,* 71 N. Y. Supp. 474; *Briant v. Lyons,* 29 La. Ann. 64. In *Perkins v. Hinckley,* 71 Iowa, 499, we had a question quite analogous to the one here involved. There the widow of one Perkins, who was a pensioner, sought to have certain pension money of her deceased husband set aside to her because it was exempt from execution. The administrator resisted her claim, and was successful in the district court. Upon appeal it was held that, although the pension money was exempt in the hands of the pensioner, the widow was not entitled to have it set off to her as exempt property, under a statute providing that property exempt to one as the head of a family should be exempt in the hands of the widow. If by reason of its exemption while in the hands of the deceased owner it passed to his widow or heirs with the same freedom from execution after his death as before, the decision must of necessity have been the other way.

Appellants rely upon a line of cases relating to exemptions of personal property to the widow under a section of the statute which says, in effect, that personal property

exempt to one deceased as the head 'of a family shall pass to his widow, exempt in her hands as in the hands of the deceased. But it is evident that these are not in point, and nothing said therein gives us any help in the solution of the problem now before us. Of such cases is *Ellsworth v. Ellsworth,* 33 Iowa, 164. The other cases cited by appellant, such as *Moninger v. Ramsey,* 48 Iowa, 368, and *Kite v. Kite,* 79 Iowa, 492, decide nothing contrary to the rule here announced. Some things said in those opinions by way of argument are relied upon by appellants, and may give some color to their present claim, but the actual decisions in no manner govern this case. No reliance 'is placed upon the fact that the property in question is pension money or the avails thereof; it being practically conceded that, but for 'its homestead character, defendants would have no claim to it. Appellee's motion to strike appellant's amendment to abstract, etc., is overruled.

We are clearly of opinion that the property is subject to plaintiff's judgment, and the decree is *affirmed.*