## COUNTY OF CODINGTON, Appellant, v. LINDNER, Administrator, Respondent.

### (163 N. W. 573.)

(File. No. 4116. Opinion filed June 26, 1917.)

1. **Homestead—Federal Homestead, Exemption Under—Insane Person, Support of by State, Whether Claim For, Against County, Enforceable Against Federal Homestead—State Statute, Non-applicability of.**

A claim by a county against the estate of a decedent who during his confinement in the state asylum for the insane was maintained at expense of said county, is not enforceable against a federal homestead patented to him pursuant to final proof made on his behalf during his confinement in the asylum; the claim so presented being for that part of such expense accruing between the date of his commitment to the asvlum and date of patent; construing U. S. Rev. Stat. (6 Fed. Stat. Annot. 307) providing that no lands acquired under its provisions (the Homestead Act) shall in any event become liable to satisfaction of any debt contracted prior to issuance of patent therefor; State Const., Art. 22 (Compact with the United States), forever disclaiming on behalf of the people all right, etc., to unappropriated public lands within state boundaries, and providing that all such lands which may have been exempted by any law of the United States shall remain exempt to the extent, and as prescribed by such act of congress; and Laws 1913, Chap. 313, Sec. 1, making the amount incurred by a county for treatment and maintenance of an insane person in said asylum a charge against the property and estate of such insane person both during his lifetime and after his death, "provided that the homestead shall be and is expressly excepted" from the operation of the act; that the state statute refers only to the homestead as created by statutes of this state in conformity to the Constitution, and cannot be construed as an attempt to modify or destroy rights or exemptions conferred by the federal statutes controlling disposition of public lands of the United States. **Held,** further, that the federal statute creates an exemption much. broader than the state homestead statute.

"Nor does the exemption under the federal law cease upon death of patentee, by force of the state law.

2.  Same—Liability of, to County's Claim For Maintenance of Insane Patient—Enforcement by Administrator, by Legal Process.

A debt not enforceable against the homestead by legal process cannot be enforced through administration proceedings. So held, construing Laws 1913, Chap. 313, Sec. 2, providing that the liability of the estate of a decedent to the claim of a county for reimbursement for treatment and maintenance of an insane patient at the state asylum for the insane, referred to in Sec. 1, shall be enforced in the same courts and in the same manner as other claims for necessaries supplied to an insane ward or his guardian and estate for use of such insane person.

3.  Constitutional Law—Federal Homestead Act—State Laws Affecting, Prohibited by Constitution—"Debt," as Involving Statutory Liability—Federal Statute Construed.

The provision of state Const., Art. 22, declaring that the people forever disclaim all right and title to unappropriated public lands within state boundaries, and providing that all such lands which have been exempted by any grant or law of the United States shall remain exempt to the extent, and as prescribed by such act of Congress, prohibits passage of any law by state Legislature attempting to subject lands acquired under the Federal Homestead Act, to the satisfaction of any debt created prior to issuance of patent. Held, further, that the word "debt," as used in U. S. Rev. Stat. (6 Fed. Stat. Annot. 307), providing that no lands acquired thereunder shall become liable to satisfaction of "any debt contracted prior to the issuance of the patent therefor," includes a statutory as well as a voluntary liability.

Appeal from Circuit Court, Codington County. Hon. CARL G. SHERWOOD, Judge.

Action by the County of Codington, State of South Dakota, against Albert Lindner, as administrator of the estate of John Lindner, deceased, to recover judgment upon a claim against said estate which had been rejected by the County Court of Codington County. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

*A. J. Haugan*, State's Attorney, for Appellant.
*Hanten & Hanten*, for Respondent.

(1) To point one of the opinion, Appellant cited: Laws 1913, Chap. 313; Beatty v. Wardell (Iowa) 105 N. W. 357.

Respondent cited: 32 Cyc. 1082, 1083; Seymour v. Sanders, 3 Dillon (U. S.) 437, 21 Fed. Cases, No. 12,690; Russell v. Lowth, 21 Minn. 167, 18 Am. Rep. 389; Van Doren v. Miller, 14 S. D. 264; Watkins Land Mortgage Co. v. Mullen, 8 Kan. App. 705, 54 Pac. 921.

(2) To point two of the opinion, Respondent cited: Secs. 177, 178, Probate Code 1903; Sec. 176, as amended.

(3) To point three of the opinion, Respondent cited: State v. O'Neil, 7 Ore. 141, Book 38 Pac. State Rep.

SMITH, J. Some time prior to November 14, 1893, one Lindner made a homestead entry on a quarter section of land in Codington county under the homestead laws of the United States. On November 14, 1893, he was committed, as a resident of that county, to the South Dakota State Asylum for the Insane, where he remained as a patient until his decease on July 2, 1915. During his confinement final proof was made for his benefit, under the laws of the United States, and pursuant thereto a patent in fee simple was issued to him bearing date June 1, 1898. During the period of his confinement and treatment in said asylum, Codington county was required to pay to the state for his support and treatment the sum of $3,656.14, for which amount a claim was presented by the county to defendant as administrator of the estate. Of this amount $873.07 was for care and treatment between November, 1893, the date of his commitment, and June 1, 1898, the date of the patent. The trial court refused to charge the government homestead of decedent with a liability for the payment of this amount of $873.07, and the county appeals. No other question is raised by appellant.

[1-3] Chapter 313, Laws of 1913, which repealed section 544, Political Code 1903, reads as follows:

"Sec. 1. The amount incurred by any county in this state for treatment and maintenance of any insane person in the hospital for the insane, shall be a charge against the property and estate of such insane person, both during the lifetime and after death of such person. Provided, that the homestead shall be and is expressly excepted from the operation of this act and the liability hereunder to any county shall be subject to the right of the husband, wife, children, or in case there is neither, of the father or mother, if residents of the United States, and who are

dependent upon said estate for necessary support, either in whole or in part, to such extent as may be adjudged by the court having jurisdiction of such estate.

"Sec. 2. Such liability for reimbursement for maintenance and support shall be enforced in the same courts and in the same manner as other claims for necessaries supplied to an insane ward or his guardian and estate for the use of such insane person."

It is perfectly clear that this statute has reference only to the homestead as created by the statutes of this state in conformity to the state Constitution, and cannot be construed as an attempt to modify or destroy rights or exemptions conferred under federal statutes controlling the disposition of public lands of the United States.

Article 22, State Constitution (Compact with the United States), declares:

"That we, the people inhabiting the state of South Dakota, do agree and declare that we forever disclaim all right and title to the unappropriated public lands lying within the boundary of South Dakota. * * * All such lands which may have been exempted by any grant or law of the United States shall remain exempt to the extent, and as prescribed by such act of Congress."

Section 2296, U. S. Revised Statutes (6 Fed. Stat. Annot. 307), provides as follows:

"No lands acquired under the provisions of this chapter (the Homestead Act) shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor."

The provision of the state Constitution above quoted prohibits the passage of any law by the state Legislature which may attempt to subject lands acquired under the federal Homestead Act to the satisfaction of any debt created prior to the issuance of the patent. Russell v. Lowth, 21 Minn. 167, 18 Am. Rep. 389; Gile v. Hallock, 33 Wis. 523; Van Doven v. Miller, 14 S. D. 264, 85 N. W. 187; Gould v. Tucker, 18 S. D. 281, 100 N. W. 427; Blair v. Mayer, 24 S. D. 563, 124 N. W. 721, 140 Am. St. Rep. 797; Faull v. Cooke, 19 Or. 455, 26 Pac. 662, 20 Am. St. Rep. 836; Sprinkle v. West, 62 Wash. 587, 114 Pac. 430, 34 L. R. A. (N. S.) 404, Ann. Cas. 1912D, 281. The term "debt," as used in section 2296, U. S. Rev. Stat., includes a statutory as well as

a voluntary liability.   State v. O'Neil, 7 Or. 141.   A debt which cannot be enforced against the homestead by legal process cannot be enforced through administration proceedings.   Towner v. Rodegeb, 33 Wash. 153, 74 Pac. 50, 99 Am. St. Rep. 936; Watkins Land Mtg. Co. v. Mullen, 8 Kan. App. 705, 54 Pac. 921; 32 Cyc. 1083.   The federal statute creates an exemption much broader than the state homestead statute.   Blair v. Mayer, supra.

The gist of appellant's contention is that the exemption under section 2296, U. S. Rev. Stat., ceases upon the death of the grantee, by force of chapter 313, Laws 1913, which creates a contingent liability against the homestead of an insane person deceased, for money expended by the county for his care and treatment in the state hospital.   A complete and sufficient answer to this contention is that chapter 313 has reference and applies only to the homestead created by the state statutes, and not to the federal exemption.   The case of Beatty v. Wardell, 130 Iowa, 651, 105 N. W. 357, 4 L. R. A. (N. S.) 544, 114 Am. St. Rep. 457, relied upon by appellant, is not controlling, as it merely construes a local exemption statute.

The order and judgment of the trial court are affirmed.