No.——

First Circuit

——

DAVIS v. LORANGER
INTERVENTION AND THIRD OPPOSITION CITIZENS NATIONAL BANK

——

(June 12, 1928. Opinion and Decree.)
(June 30, 1928. Rehearing Refused.)

——

(*Syllabus by the Editor*)

1. **Louisiana Digest—Subrogation—Par. 1, 2.**

In either the conventional or legal subrogation under Civil Code Arts. 2160 and 2161 there must be an assignable interest, claim or credit which is transferred.

2. **Louisiana Digest—Subrogation—Par. 1; Homestead—Par. 1.**

The homestead claim is personal, not assignable, and cannot be the subject of subrogation either under Arts. 2160 or 2161 of Civil Code.

Appeal from the Parish of Tangipahoa. Hon. Prentiss Carter, Judge.

Action by Lafayette Davis against H. R. Loranger, intervention and third opposition Citizens National Bank.

There was judgment for defendant and intervenor appealed.

Judgment affirmed.

Purser and Magruder, of Amite, attorneys for defendant, appellee.

Carrol Buck, of Amite, attorney for intervenor, appellant.

MOUTON, J. The Citizens National Bank of Hammond had a judicial mortgage against H. R. and Arthur Loranger resting on a parcel of ground situated in Tangipahoa parish. H. R. and Arthur Loranger had given to Lafayette Davis a conventional mortgage on that property. The bank brought suit against the Lorangers to have the Davis conventional mortgage of $5000.00 in amount declared second in rank to its judicial mortgage. The Court so decreed. Davis appealed but only devolutively from this judgment. The bank had the property mortgaged seized and advertised for sale under its judgment. Loranger and his wife intervened and claimed a homestead on the property which was sold for a sum exceeding $2000.00. The sheriff was ordered to hold $2000.00 pending the suit of Loranger and his wife for their homestead claim, which was finally maintained by the Court. An appeal was taken to the Supreme Court from the judgment recognizing the homestead. The bank in the meantime bought the property at the sale, and as ordered by the Court, out of its proceeds, paid the $2000.00 to Loranger.

Subsequent to all of these proceedings and after the bank had purchased the prop-

erty, the suit originally filed by the bank against Lafayette Davis to have its judicial mortgage declared superior in rank to that of Davis, reached the Supreme Court on appeal where the judgment of the District Court was reversed and where it was decided that the Davis mortgage primed the judicial mortgage of the bank.

In these proceedings Davis is now asking for the foreclosure of his $5000.00 mortgage wherein the bank intervenes by way of third opposition, claiming that having paid to Loranger his homestead claim of $2000.00 it has been subrogated to all of his rights thereunder, and therefore $2000.00 should be returned to the bank as subrogee from the proceeds to be realized from the sale under the foreclosure proceedings instituted by Davis.

This demand of the bank was dismissed under an exception of no cause or right of action.

The right of homestead is generally recognized as not an estate in the land, but is usually considered in substance as the right of occupancy, which shall not be disturbed while the homestead exists. Homestead laws are not founded upon equity but are enacted as a matter of public policy in the interest of humanity, the preservation of the homestead being considered of more importance than the payment of debts. C. J. 29, p. 782. A homestead exemption is considered as a personal privilege, does not run with the land, and is not an assignable estate. Naples on Homesteads and Exemptions, p. 419. When the homestead is converted into money with or without the voluntary act of the homesteader, it is generally accepted that its proceeds are still regarded as being impressed and protected by the homestead exemption. It is strictly a personal right, is not transmissible by inherit-

ance, and has so been recognized by our Courts. Briant vs. Lyons, et al., 29 La. Ann. 64.

Counsel for the bank say in their brief as follows:

"Loranger successfully established his homestead claim, and the Citizens National Bank paid the $2000.00, and was subrogated to all of his rights."

In other words, the bank contends that as it has paid the $2000.00 to Loranger it has been subrogated to his homestead claim for that amount which it has the right to retain from the proceeds expected to be realized from the sale under the Davis mortgage. The trouble with the bank is that such a homestead right, being personal, is not assignable, and was not assigned to the bank by the payment of the $2000.00 to Loranger under the original sale of the property. In the conventional subrogation, the creditor makes an express subrogation of some assignable claim, right or credit to the third person who pays the debt. C. C. 2160. The law makes this assignment in the legal subrogation, where a creditor pays a preferred claim, a purchaser pays off encumbrances on some immovable property or where a co-debtor discharges the debt, etc. C. C. 2161.

In either the conventional or legal subrogation there must be an assignable interest, claim or credit which is transferred. In the instant case the homestead claim of Loranger was personal, not assignable, and was not assigned to the bank as a result of its payment to him of the $2000.00. This homestead right of Loranger was a mere exemption around which the law had thrown its mantle of inviolability, but was not an estate in the land or an equitable right therein which was transferred to the bank by virtue of its payment of the $2000.00, thus entitling it to the recovery of that amount in these proceedings from the proceeds expected to be realized from the anticipated sale.